**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LATARA BIAS, ERIC BREAUX, NAN WHITE-PRICE, DIANA ELLIS, JAMES SCHILLINGER, RONALD LAZAR, GLORIA STITT, RONALD STITT, JUDI SHATZER, MARK ZIRLOTT, AND TERRI LOUSE ZIRLOTT, individually and on behalf of other members of the general public similarly situated,<br><br>            Plaintiffs,<br><br>      vs.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., J.P. MORGAN CHASE BANK, N.A., CHASE HOME FINANCE LLC, CITIBANK, N.A., AND CITIMORTGAGE, INC. ,<br><br>            Defendants. | Case No.: 12-CV-664 YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION OF DEFENDANTS WELLS FARGO & COMPANY AND WELLS FARGO BANK, N.A. TO SEVER AND TRANSFER, AND SEVERING CLAIMS AS TO OTHER DEFENDANTS ON THE COURT'S OWN MOTION** |

Plaintiffs Latara Bias, *et al.*, bring this class action complaint against Defendants Wells Fargo & Company, Wells Fargo Bank N.A., J.P. Morgan Chase Bank, N.A. Chase Home Finance LLC, Citibank N.A. and CitiMortgage, Inc. Plaintiffs allege, on behalf of themselves and the putative class, claims for violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code §17200 *et seq.*), violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §§ 1962(c) and 1962(d), and common law claims for unjust enrichment.

Defendants Wells Fargo & Company ("WF Co.") and Wells Fargo Bank N.A. ("WF Bank") (collectively, "the Wells Fargo Defendants") have filed a Motion to Sever Pursuant to Rule 21 and Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

Having carefully considered the papers and evidence submitted, and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Sever and **DENIES** the Motion to Transfer.[1] Further, the Court **ORDERS**, on its own motion, that the claims with respect to the Chase Defendants and the Citi Defendants are not properly joined and such claims are likewise **SEVERED** as stated herein.

## SUMMARY OF THE COMPLAINT

Plaintiffs filed this lawsuit on behalf of a nationwide class of mortgage borrowers alleging that Defendants committed fraudulent practices in connection with their home mortgage servicing, specifically that they use automated mortgage loan management systems to engage in a scheme to charge unlawful, marked-up fees for property inspections and brokers' price opinions ("BPOs"), and to conceal the nature and assessment of those fees. (First Amended Complaint, Dkt No. 10 ("FAC") at ¶ 1, 2.) Plaintiffs allege that Defendants are illegally profiting by charging inflated or unnecessary fees on mortgages that have gone into default at the expense of struggling consumers who have fallen behind on their mortgage payments. (FAC ¶ 2.) Defendants are alleged to conceal the nature of the fees by identifying them on mortgage statements as "other charges," "other fees" or "delinquency expenses." (FAC ¶ 9.) Plaintiffs allege that the defendants make use of sophisticated software that is programmed to assess the fees. (FAC ¶78.) Moreover, Plaintiffs allege that as part of defendants' efforts to conceal the improper fees, the software has been

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on July 17, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for July 17, 2012.

2

programmed to remove certain prohibited fees automatically from statements submitted to the court, only to later assess the fees on the account after the court proceedings have concluded. (FAC ¶ 48.)

Plaintiffs allege that Defendant WF Co. is a corporation headquartered in San Francisco, California, and that Defendant WF Bank is a subsidiary of WF Co. with its principal place of business in San Francisco, California. (FAC ¶ 28, 29.) Plaintiffs Latara Bias, Eric Breaux and Nan White-Price ("the Wells Fargo Plaintiffs") have mortgages that Plaintiffs allege are serviced by the Wells Fargo Defendants. (FAC ¶¶ 96-98, 100-101.)

## STANDARDS APPLICABLE TO THE MOTIONS

I.  MOTION TO SEVER FOR IMPROPER JOINDER

The Wells Fargo Defendants move pursuant to Rule 21(b) of the Federal Rules of Civil Procedure to sever the claims against them. The court is given broad discretion to sever claims so long as they are discrete and separate from the other claims in the complaint. *See United States v. Testa,* 548 F.2d 847, 856 (9th Cir. 1977); *Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir. 2000). Misjoinder of parties under Rule 20 provides a basis for severing claims. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citing *Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.,* 523 F.2d 1073, 1079 (9th Cir.1975)) ("[s]ince Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance").

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff to join multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. Rule Civ. Proc. 20(a)(2). "Even if these conditions are met, joinder is not mandatory and the Court may order separate trials to protect any party against embarrassment, delay, expense, or other prejudice." *On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 502 (N.D. Cal. 2011) (citing FRCP 20(b)).

II.   MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(A)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The moving party bears the burden to show that: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Hoffman v Blaski,* 363 U.S. 335, 343-44 (1960); *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). The decision whether to grant a transfer on convenience grounds is left to the sound discretion of the court, taking into consideration factors set forth in section 1404(a) and in relevant case law.

**DISCUSSION**

**I.   MOTION TO SEVER**

The FAC sets forth what are essentially three separate actions, with three separate plaintiff subclasses alleging separate claims against the three defendant groups, *i.e.* the Wells Fargo

4

Defendants (Wells Fargo & Company and Wells Fargo Bank, N.A.), the Chase Defendants (J.P. Morgan Chase Bank, N.A. and Chase Home Finance, LLC) and the Citi Defendants (Citibank, N.A. and CitiMortgage, Inc.). While the alleged unlawful actions and schemes are based upon the same basic scenario and same legal theories, the Wells Fargo Defendants are not alleged to have been agents of other defendants or vice versa. The subclass members are defined by which Defendant group was their loan servicer. There are no allegations of any conspiracy, concerted action, or RICO enterprise as between the Defendants groups, only three separate RICO enterprises within those groups.

The allegations do not establish that the claims against the Wells Fargo Defendants relate to or arise out of the "same transaction, occurrence, or series of transactions or occurrences" as the claims against either the Chase Defendants or the Citi Defendants. Plaintiffs argue for a broad reading of the "same transaction or occurrence" language as including all "logically related" events. However, as Defendant notes, the cases they cite are easily distinguishable from the allegations here. In *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974), plaintiffs employed by a single defendant brought claims of racial discrimination against the employer and the union, alleging a company-wide policy. In *U.S. v. Mississippi,* 380 U.S. 128 (1965), the plaintiffs alleged that the county registrars across the state were part of a "state-wide system designed to enforce [voter] registration laws" in a discriminatory manner. *Id.* at 142. In *Mesa Computer Utilities, Inc. v. Western Union Computer Utilities, Inc.*, 67 F.R.D. 634 (D. Del. 1975), three corporate plaintiffs alleged identical claims against a franchisor and its alleged parent companies and the court declined to sever until the record could be more fully developed as to their relationship. Here, there is no inter-relationship alleged between the Defendant groups. At best, two of the three are alleged to have used the same computer software to accomplish their alleged unlawful conduct.

Likewise, while the claims against the Wells Fargo Defendants might present some common legal theories and questions of law, there are plainly no common factual questions based on the allegations in the FAC.  While the practices of the Defendants are alleged to be "uniform" they are alleged to be uniform within each Defendant group and not as a result of any common plan or scheme.  The evidence that would be presented to establish entitlement to class treatment and to prove the claims would be completely separate as between the Defendants.

In short, the requirements for permissive joinder of claims are not met here, where Plaintiffs allege three subclasses as a single class action against the three separate, independent Defendant groups.

For these reasons, the Court **GRANTS** the motion to sever based on misjoinder.  For the same reasons, the Court finds that the claims against the Chase Defendants and the Citi Defendants also should be severed from one another.  The Court therefore orders that Plaintiffs amend the instant complaint to allege a single class against a single Defendant group, and to file their claims against the remaining Defendant groups as two additional, separate actions.

## II.   MOTION TO TRANSFER

### A.   BACKGROUND

In support of their motion to transfer, Defendants have submitted the declaration of Keith Schares, Vice President – Loss Control/Claims/Property Preservation of WF Bank (Dkt. No. 34, "Schares Dec."), as well as the declaration of James F. Taylor, Senior Vice President and REO National Sales Manager for Wells Fargo Home Mortgage, a division of WF Bank (Dkt. No. 33, "Taylor Dec.").

Schares declares that WF Bank is a national banking association, chartered and with a principal place of business in South Dakota.  (Schares Dec.¶ 3.)  WF Co. is a bank holding

6

company headquartered in San Francisco, and WF Bank is its subsidiary. (*Id.* ¶ 4.) Schares avers that Wells Fargo Home Mortgage ("WFHM") is WF Bank's residential mortgage loan origination and servicing division. (*Id*. ¶ 5.) The WFHM division is headquartered in Des Moines, Iowa. (*Id.* at ¶6.) According to Schares, "the vast majority of loans serviced by [WF] Bank are serviced by WFHM." (*Id.* ¶6.) He further states that "the officers and directors who work in the mortgage division, WFHM, and who are responsible for developing, implementing and managing certain of the policies, practices and procedures regarding inspections that are at issue in this action, are all located in the West Des Moines area," not in California. (*Id*. ¶ 7.) It is these employees that Schares says would be able to testify as to the loan servicing policies and procedures concerning assessment of fees on borrowers in default that are at issue in this litigation. (*Id*. at ¶ 7.)

Schares states that WF Co., as the holding company for WF Bank, was not involved in the creation, execution, or supervision of the policies and practices at issue in this action. As to WF Bank, Schares says that the mortgage division, WFHM, is responsible for "developing, implementing and managing certain of the policies, practices and procedures regarding inspections that are at issue in this action, are all located in the West Des Moines area." (Schares ¶7, emphasis supplied.) He says that "WFHM officers and employees in Des Moines would be able to testify about its loan servicing operations and its policies and procedures concerning the assessment of fees to borrowers in default, including the purpose and application of property of property inspections, which are at issue in this action." Schares identifies no non-party witnesses located in Iowa. (*Cf*. Schares ¶10 [vendor contacts in Texas, Florida, Ohio].)

Taylor avers that as part of his job as Senior Vice President and REO National Sales Manager for the WFHM division, he manages and oversees "fulfilled requests for Broker's Price Opinions ("BPOs") from different departments within WFB and for external clients." (Taylor Dec.

¶1.) WFHM uses the trade name "Premiere Asset Services" ("PAS") when it performs "REO services" and maintains PAS offices in West Des Moines, Iowa; Frederick, Maryland; San Bernardino, California; and San Leandro, California. (Taylor Dec. ¶5.) Taylor identifies no non-party witnesses located in Iowa.

B.  DISCUSSION

The Court finds that venue would be proper in either this district or the Southern District of Iowa or that the action might have been brought in either district, a proposition the parties do not dispute. RICO actions may be brought in any district in which a defendant resides, is found, has an agent or transacts its affairs, or where the general venue statute is satisfied. *See* 18 U.S.C. § 1965(a). A corporate defendant "resides" in a district where it is subject to personal jurisdiction and is "found" in any district where its officers or agents are carrying on its business. *See* 28 U.S.C. § 1391(c); *King v. Vesco*, 342 F. Supp. 120, 122 (N.D. Cal. 1972). WF Co. and WF Bank carry on business in both districts and thereby have sufficient contacts to establish proper venue in either location.

Where venue is determined to be proper in both districts, a district court has broad discretion to determine whether to transfer considering, on a case-by-case basis, factors of convenience and fairness. *See Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988); *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 639 (9th Cir.1988); *Roberts v. C.R. England, Inc.*, 827 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011). Among the factors the court may consider are: "(1) the location where [any] relevant agreements were negotiated and executed, (2) the [forum] that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

8

compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, *supra,* 211 F.3d at 498-99; *see also Roberts, supra*, 827 F. Supp. 2d at 1086-87.

The Court finds that Defendant has not carried its burden to show that the factors, on balance, support a transfer to Iowa as a more convenient forum. First, plaintiff's choice of forum normally is given substantial weight under section 1404(a), though that choice is entitled to less deference when plaintiffs do not reside in the forum or are alleged to be representatives of a nationwide class. *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Here, none of the Wells Fargo Plaintiffs live in California, nor do they live in Iowa, but instead they are all alleged to be residents of Louisiana. They are alleged to represent a subclass of borrowers throughout the United States. Thus, the substantial weight that would normally be accorded to maintenance of venue in this district is attenuated, but still favors the current venue.

As to the convenience of the witnesses, the evidence submitted by the Wells Fargo Defendants does not establish that Iowa is the more convenient forum. First, the evidence is equivocal as to the location of witnesses who can testify about who made the key decisions alleged in the action, and where such decisions were made. Plaintiffs argue that they have alleged illegal corporate practices and schemes and a RICO enterprise among the corporations which originated in this district. They allege that acts giving rise to the complaint occurred in San Francisco in that WF Bank and WF Co. formed an unlawful enterprise that was operated according to policies and procedures developed and established by executives of Wells Fargo & Company and Wells Fargo

Bank N.A., both of which are headquartered in San Francisco. (FAC ¶16, 45, 162.)[2] The evidence submitted by the Wells Fargo Defendants is that officers and employees of WF Bank's mortgage division, WFHM, located in Iowa,[3] "would be able to testify about its loan servicing *operations* and its policies and procedures concerning the assessment of fees to borrowers in default, including the *purpose and application* of property inspections." (Schares Dec. ¶7, emphasis supplied.) Schares says that WFHM is responsible for "*developing, implementing and managing certain of* the policies, practices and procedures *regarding inspections* that are at issue in this action" and those WFHM employees are all located in the West Des Moines area. (Schares ¶7, emphasis supplied.) The subject of proposed testimony is thus tangential to the real gravamen of the allegations here: the illegality of a scheme to overcharge for services and conceal those charges, rather than the nature of the servicing operations and the purposes of the inspections. It is not clear from the declarations that the conduct at issue took place in Iowa, or that witnesses in Iowa are the ones can testify as to that conduct.

In addition, none of the witnesses identified by the Wells Fargo Defendants are persons who could not be compelled to testify if venue remains in this district, but instead are all employees of the defendants who would be required to appear for deposition as party witnesses. Neither Taylor

---

[2] The Court notes that in the related *Fitch* litigation, the Wells Fargo Defendants argued that any deposition of a representative of WF Bank would need to take place in either in San Francisco or where the representative works or resides. (Declaration of Mark Pifko in Support of Plaintiffs' Opposition, Dkt No. 49-1, at Exh A [Memorandum of Wells Fargo Bank, N.A. f/k/a Wells Fargo Home Mortgage, Inc. in Support of Motion to Quash Deposition Notices as to Wells Fargo employees filed in *Fitch v. Wells Fargo Bank N.A.,* 12-cv-2915 YGR, p. 3-4.)

[3] WFHM is admittedly no more than a division of WF Bank. However, WFHM was named as separate corporation and defendant in the *Young* action. *See Young v Wells Fargo Bank*, CAND No. 08-cv-3735 SI, Dkt. No. 38 [Order of December 17, 2008].) The court's decision in *Young* attached great significance to the fact that WFHM was "headquartered" in Iowa and that numerous witnesses (party and non-party) were located there. The court there acknowledged that there was some dispute as to whether WFHM was a separate corporation or not, but found that its legal status was insignificant. (*Id.* at 2:22-28 n.1.)

nor Schares identifies any non-party witnesses located in Iowa or any witnesses they say could not be compelled to appear in this district.

As to the access to proof factor, the Wells Fargo Defendants have not submitted evidence to suggest that such access would be significantly easier in Iowa than in this district. Their loan servicing records, policies and procedure manuals are all electronically maintained on central servers, some of which are located in Florida. (Schares Dec. ¶8, 9.) Some documents, such as vendor contracts, are kept in Iowa. (*Id.* at ¶10.) However, nothing is offered to indicate that these records would actually be important to the litigation here, that it would be particularly burdensome to produce them here, or that any party would otherwise be prejudiced by having to offer them as proof in this district. *Cf. DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d 1085, 1091 (E.D. Cal. 2005) (fact that documents are stored and maintained out of state, without more, did not demonstrate hardship that would warrant convenience transfer). The evidence does not favor transfer.

The remaining factors are essentially neutral. With respect to familiarity with plaintiff's RICO claims, "either forum is equally capable of hearing and deciding those questions." *DealTime.com Ltd. v. McNulty*, 123 F. Supp. 2d. 750, 757 (S.D.N.Y. 2000). Although plaintiffs have alleged a claim under California's Unfair Competition Law, it is unclear whether California law would apply to any or all plaintiffs. Defendants argue that nonresidents may not sue under California statutes unless the wrongful conduct occurred in California. *See generally Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222-27 (1999). Thus, it is not clear that a California forum would better understand the applicable law. By the same token, Defendants have not shown that an Iowa district court would be more familiar with the applicable law.

The Court considers matters of judicial economy and relative burdens on the use of judicial resources in the transfer analysis. The Wells Fargo Defendants argue that this case should be transferred to facilitate consolidation with the *Young* case which was also transferred to the Southern District of Iowa approximately four years ago. The Court is informed that the *Young* action is currently stayed, and it is not clear whether the cases would be appropriate for consolidation. Further, the *Fitch* action was transferred from the Eastern District of Louisiana by order issued May 29, 2012, for similar reasons, and has since been related to this action. On balance, this factor is at least neutral with respect to transfer to Iowa.

Similarly, the parties each submit competing statistics as to which district might have the greater relative docket congestion, one favoring speed of disposition in this district, the other indicating a shorter time to trial in Iowa. The Court finds that, while this district appears to be relatively more congested by virtue of the higher volume of filings and pending cases, neither statistic indicates such a significant difference affecting this litigation as to favor venue in one forum over the other.

In sum, the Wells Fargo Defendants have not met their burden to demonstrate that a transfer to the Southern District of Iowa would serve the convenience of the parties and witnesses and promote the interests of justice. The motion to transfer is **DENIED**.

## CONCLUSION

Based upon the foregoing the Court **ORDERS** as follows:

1. The Motion to Sever claims as to the Wells Fargo Defendants is **GRANTED** on the grounds that the claims against these defendants are not properly joined in a single action against all named defendants here;

2. On the Court's own motion, because the Court finds that the claims with respect to the Chase Defendants and the Citi Defendants are not properly joined in a single action for the same reasons, such claims are likewise **SEVERED**.

3. Plaintiffs are ordered to file an amended complaint in this case number to allege the claims of a single class against a single Defendant group, and to re-file their claims against the remaining Defendant groups as two additional, separate actions. Plaintiffs shall file their amended complaint in this case number no later than **July 24, 2012** and Defendants shall file their response thereto no later than **August 7, 2012**;

4. The Motion to Transfer is **DENIED**;

5. The pending motions to dismiss at Dkt. No. 37 (Wells Fargo Defendants), Dkt. No. 39 (Chase Defendants) and Dkt. No. 43 (Citi Defendants) are **DENIED** as moot in light of this Order.

This order terminates Docket Nos. 31, 37, 39, and 43.

**IT IS SO ORDERED**.

Date: July 13, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**