UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LATARA BIAS,** *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>**WELLS FARGO & COMPANY,** *et al.*,<br><br>Defendants. | Case No.: 12-cv-00664 YGR<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 166, 175, 184, 191 |

In a separate order concurrently filed, the Court resolves Plaintiffs' motion for class certification. In connection with that motion, the parties filed four administrative motions to seal, pursuant to this Court's Civil Local Rule 79-5. The parties subsequently filed a joint submission of table identifying documents sought to be filed (Dkt. No. 200), which narrowed certain requests and withdrew others. This Order resolves the administrative motions to seal.

The public holds a presumptive right of access to public records, including pretrial filings in civil cases. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). In the context of information proffered in support of dispositive motions or at trial, only a continuing, compelling reason will justify sealing the information or keeping it under seal. *See In re Midland*, 686 F.3d at 1119. However, "the usual presumption of the public's right to access does not apply to non-dispositive motions with the same strength it applies to dispositive motions." *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) (citing *In re Midland,* 686 F.3d at 1119). In the context of non-dispositive motions, the party seeking to place and keep information under seal need only make a showing of good cause. *See id.* at *1-2. "There may be 'good cause' to seal records that are privileged, contain trade secrets, contain confidential

research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Id*. at *2.

The Court finds that the parties' sealing requests as refined in their joint submission are appropriate and narrowly tailored. Accordingly, the motions are all **GRANTED IN PART AND DENIED IN PART**. The parties shall file all documents sought to be sealed in redacted form consistent with their joint submission (*see* Dkt. No. 200).

This Order terminates Docket Numbers 166, 175, 184, 191.

**IT IS SO ORDERED**.

Date: December 17, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**