UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LATARA BIAS**, *et al.*,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**WELLS FARGO & COMPANY**, *et al.*,<br><br>　　　　Defendants. | Case No.: 12-CV-0664- YGR<br><br>**ORDER AMENDING CLASS PERIOD;**<br>**REQUIRING SUBMISSION OF CLASS NOTICE;**<br>**GRANTING MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 201, 215, 218 |

By order dated December 17, 2015, the Court certified the following class to bring a civil RICO claim under 18 U.S.C. section 1962(c):

> All residents of the United States of America who had a residential mortgage serviced by Wells Fargo Bank, N.A. or its subsidiaries or divisions, and who paid for one or more Broker's Price Opinions charged by Wells Fargo (through PAS), for an amount greater than the amount Wells Fargo (through PAS) paid a third party vendor for the corresponding Broker Price Opinion, from February 11, 2008 through July 1, 2010.

(Dkt. No. 201.)  The Court calculated the beginning of the class period based on RICO's four-year statute of limitations and the February 10, 2012 filing date of the original complaint.  (*See id.*)

Currently before the Court is Plaintiffs' request that the class period and definition be amended to reflect the May 6, 2009 filing date of Plaintiff Morrison's complaint, consolidated herewith.  (*See* Dkt. No. 106.)  Defendants do not contest that the Court should have considered the date Plaintiff Morrison filed his complaint for purposes of the statute of limitations and the class period.  In that respect, the Court agrees that May 6, 2009 is the operative date by which it should calculate the four-year limitations period, and that the class period should be expanded to begin on May 6, 2005 – not February 11, 2008 as it previously found.

While Defendants do not contest that Plaintiff Morrison's earlier filed complaint governs, they do oppose certification of a class period predating January 1, 2007.  Specifically, they argue

that such a class is not ascertainable because certain types of reports are not available prior to that date, rendering it impossible to identify class members who paid marked-up BPO fees prior to January 1, 2007.  Plaintiffs oppose, arguing that the reports on which Defendants rely are a red herring and unnecessary for purposes of identifying class members.  The Court agrees.  "[A]scertainability does not demand documentary proof of each membership criterion," and "concerns identification rather than verification."  *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 4776932, *at 8, n. 3 (C.D.Cal. May 27, 2015).  Plaintiffs satisfied their burden with persuasive evidence tending to show all BPO assessments were marked up in a uniform manner.  Nothing more is required.  Whether they will be able to recover damages for the time period prior to generation of the reports at issue remains a question which the jury will have to decide.

Accordingly, the Court hereby **AMENDS** its previous order to certify the following class to bring a civil RICO claim under 18 U.S.C. section 1962(c):

> All residents of the United States of America who had a residential mortgage serviced by Wells Fargo Bank, N.A. or its subsidiaries or divisions, and who paid for one or more Broker's Price Opinions charged by Wells Fargo (through PAS), for an amount greater than the amount Wells Fargo (through PAS) paid a third party vendor for the corresponding Broker Price Opinion, from May 6, 2005 through July 1, 2010.

The Court also **ORDERS** Plaintiffs to file a revised proposed class notice for the Court's review no later than March 18, 2016.

Finally, the Court **GRANTS** the parties' requests to file trial plans under seal (Dkt. Nos. 215, 218) given the non-dispositive nature of the requests.  *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).  Accordingly, this Order is not precedential for purposes of trial.

This Order terminates Docket Numbers 215, 218.

**IT IS SO ORDERED**.

Dated: March 7, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**