UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — OAKLAND DIVISION

| | |
|---|---|
| LATARA BIAS, ERIC BREAUX, and TROY LYNNE MORRISON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & COMPANY, a Delaware corporation, and WELLS FARGO BANK, N.A., a national association,<br><br>Defendants. | Case No. 4:12-cv-00664-YGR<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, on October 26, 2016, the Parties to the above-entitled action (the "Action") entered into a Settlement Agreement (the "Agreement") which is subject to review by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Action on the merits and dismissal of the Action with prejudice; and the Court having read and considered the Agreement and the accompanying documents; and the parties to the Agreement having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court certified this case as a class action on December 17, 2015, and notice of the class action was provided to Class Members on June 9, 2016.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Settlement Class consists of all residents of the United States of America who had a residential mortgage serviced by Wells Fargo Bank, N.A., or its subsidiaries or divisions, and who paid for one or more Broker's Price Opinions charged by Wells Fargo (through PAS), for an amount greater than the amount Wells Fargo (through PAS) paid a third party vendor for the corresponding [BPO], from May 6, 2005 through July 1, 2010.  Excluded from the Settlement Class are Defendants, any entity in which a Defendant has a controlling interest or is a parent or subsidiary of, or any entity that is controlled by a Defendant, and any of Defendants' officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns.  Also excluded from the Settlement Class are Class Members who timely and validly request to exclude themselves from or Opt-Out of the Class by the deadline.

3.      For all of the reasons set forth in this Court's Order dated December 17, 2015, and solely for purposes of effectuating the Settlement, the Court preliminarily finds that (i) the members of the Class are so numerous that joinder of all Class members in the Action would be impracticable; (ii) there are questions of law and fact common to the Class that predominate over individual questions; (iii) the claims of Plaintiffs are typical of the claims of the Class; (iv) Plaintiffs and Class Counsel can fairly and adequately represent and protect the interests of Class members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of the Class members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Class members, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of a class action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the Settlement and for no other purpose, Plaintiffs Latara Bias, Eric Breaux and Troy Lynne Morrison as representatives of the Class, and appoints Baron & Budd, P.C.; Cossich, Sumich, Parsiola and Taylor; and Kingsmill Riess, LLC as Class Counsel.

5. The Court preliminarily finds that:

(a) the proposed Settlement resulted from informed, extensive arm's-length negotiations, including mediation under the direction of an experienced mediator, the Hon. Irma E. Gonzalez, U.S. District Court Judge (Ret.);

(b) Class Counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and

(c) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending Notice of Settlement to the Class.

6. A hearing (the "Settlement Fairness Hearing") is hereby scheduled to be held before the Court on _____, at __:__ __.m. at the United States District Court, Northern District of California, U.S. District Courthouse, 1301 Clay Street, Courtroom 1— 4th Floor, Oakland, California 94612, to determine whether:  (a) the proposed Settlement of the Action for a $50,000,000 Settlement Fund should be approved by the Court as fair, reasonable, and adequate; (b) the Final Judgment as provided under the Agreement should be entered, dismissing the Second Amended Class Action Complaint filed in the Action on the merits and with prejudice; (c) the release by the Class of the Released Claims, as set forth in the Agreement, should be provided to Wells Fargo and the Released Parties; (d) to award Class Counsel attorneys' fees and expenses out of the Settlement Fund; (e) to grant Plaintiffs' request for Service Awards for the time and effort they expended in prosecuting this action on behalf of the Class out of the Settlement Fund; (f) to determine whether an order should be entered barring and enjoining Plaintiffs and all Settlement Class Members from instituting, commencing, maintaining or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Released Claims against any of the Released Parties; and (g) to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement Fairness Hearing without further notice to the Class. The Court reserves the right to enter its Final Judgment approving the Settlement and dismissing the Second Amended Complaint on the merits and with

1  prejudice regardless of whether it has approved Plaintiffs' request for service awards, or Class
2  Counsel's application for an award of attorneys' fees and expenses.
3         8.      The Court approves the form, substance and requirements of the Notice of
4  Proposed Settlement of Class Action (the "Notice"), the Summary Notice of Proposed Settlement
5  of Class Action (the "Summary Notice"), annexed hereto as Exhibits A and B.
6         9.      The Court approves the appointment of Epiq Systems, Inc. as the Class
7  Administrator.
8         (a)     The Class Administrator shall cause the Notice, substantially in the form annexed
9  hereto, to be mailed, by first class mail, postage prepaid, within twenty (20) calendar days of this
10 Order, to all Settlement Class Members.
11        (b)     The Class Administrator shall cause the Summary Notice to be published once in
12 *Sports Illustrated*, once in *People* Magazine, and once over the PR Newswire, within twenty (20)
13 calendar days of this Order.  The Notice and Agreement shall be posted on the website
14 www.BiasvWellsFargo.com (the "Settlement Website"), that the Class Administrator will
15 establish for this Action.
16        (c)     Plaintiffs' Counsel shall, at or before the Settlement Fairness Hearing, file with the
17 Court proof of mailing of the Notice of Settlement, establishment of the Settlement Website, and
18 proof of publication of the Summary Notice.
19        (d)     The form and content of the Notice and the Summary Notice, and the method set
20 forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet
21 the requirements of the Federal Rules of Civil Procedure and due process, constitute the best
22 notice practicable under the circumstances, and shall constitute due and sufficient notice to all
23 persons and entities entitled thereto.
24        10.     Settlement Class Members shall be bound by the Settlement and all determinations
25 and judgments in this Action concerning the Settlement, including, but not limited to the releases
26 provided for therein, whether favorable or unfavorable, unless they (1) previously validly excluded
27 themselves from this Action in response to the Notice of Class Action provided to Class Members
28 on June 9, 2016, or (2) request exclusion from the Class in a timely and proper manner, as

1  hereinafter provided.  A Class Member wishing to make such request shall, not later than thirty
2  (30) calendar days after the date of mailing of the Notice of Settlement to Class Members, mail a
3  postmarked request for exclusion in written form by first class mail to the addresses designated in
4  the Notice.  Such request for exclusion shall clearly indicate the name, address and telephone
5  number of the person seeking exclusion, that the sender requests to be excluded from the Class
6  and the settlement in Bias v. Wells Fargo & Co., Case No. 12-664 (N.D. Cal.), and must be signed
7  by such person.  The request for exclusion shall not be effective unless it provides the required
8  information and is made within the time stated above, or the exclusion is otherwise accepted by
9  the Court.  Class Members requesting exclusion from the Class shall not be entitled to receive any
10 payment out of the Settlement Fund as described in the Settlement Agreement.

11        11.     The Court will consider comments and/or objections to the Settlement and the
12 Plaintiffs' requests for Service Awards, and/or the award of attorneys' fees and reimbursement of
13 expenses only if such comments or objections and any supporting papers, are filed in writing with
14 the Clerk of Court, United States District Court, Northern District of California, U.S. District
15 Courthouse, 1301 Clay Street, Oakland, California 94612, and copies of all such papers are
16 served—postmarked not later than thirty (30) calendar days after the date of mailing of the Notice
17 of Settlement to Class Members—upon each of the following: (i) Daniel Alberstone BARON &
18 BUDD, P.C., 15910 Ventura Boulevard, Suite 1600, Encino, California  91436, on behalf of the
19 Plaintiffs and the Class; and (ii) Mark D. Lonergan, Severson & Werson, One Embarcadero
20 Center, Suite 2600, San Francisco, California 94111, on behalf of Wells Fargo.  An objection must
21 state that the objection is to the settlement in Bias v. Wells Fargo & Co., Case No. 12-664 (N.D.
22 Cal.), and include the Class Member's name, address, telephone number, signature, and the
23 reasons for the objection to the Settlement.  Attendance at the Settlement Fairness Hearing is not
24 necessary; however, persons wishing to be heard orally at the hearing in opposition to the approval
25 of the Settlement and/or the Plaintiffs' and Class Counsel's attorneys' fee and expense motion are
26 required to indicate in their written objection their intention to appear at the hearing.  Persons who
27 intend to object to the Settlement, the Plaintiffs' request for service awards, and/or the award of
28 attorneys' fees and reimbursement of expenses, and desire to present evidence at the Settlement

1  Fairness Hearing, must include in their written objections copies of any exhibits they intend to
2  introduce into evidence at the Settlement Fairness Hearing.  If an objector hires an attorney to
3  represent him, her or it for the purposes of making an objection, the attorney must both effect
4  service of a notice of appearance on counsel listed above and file it with the Court by no later than
5  thirty (30) calendar days before the Settlement Fairness Hearing.  Any Class Member or other
6  Person who does not timely file and serve a written objection complying with the terms of this
7  paragraph shall be deemed to have waived, and shall be foreclosed from raising (in this proceeding
8  or on any appeal), any objection to the Settlement, and any untimely objection shall be barred.
9  Class Members do not need to appear at the hearing or take any other action to indicate their
10 approval of the Settlement.

11     12.    Wells Fargo's Counsel and Class Counsel shall promptly furnish each other with
12 copies of any and all objections that come into their possession.

13     13.    All motions and papers in support of the Settlement, the request of Plaintiffs for
14 service awards and any application by Plaintiffs' Counsel for attorneys' fees and expenses shall be
15 filed and served no later than fourteen (14) calendar days prior to the objection deadline.  Any
16 reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Fairness
17 Hearing.

18     14.    All proceedings in the Action are stayed until further order of the Court, except as
19 may be necessary to implement the Settlement.  Pending final determination of whether the
20 Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and
21 anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or
22 prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining or
23 prosecuting, any action in any court or tribunal that asserts Released Claims against Wells Fargo
24 or any of the Released Parties.

25     15.    As provided in the Settlement, the Class Administrator may be paid the reasonable
26 and customary fees and costs associated with giving Notice of Settlement and the administration
27 of the Settlement, up to $3,000,000, out of the Settlement Fund without further order of the Court.
28     16.    If any specified condition to the Settlement is not satisfied and the Settlement is

1 terminated, then, in such event, the Settlement, including any amendment(s) thereof, and this
2 Order Preliminarily Approving Settlement and Providing for Notice, shall be null and void, of no
3 further force or effect, and without prejudice to any Party, and may not be introduced as evidence
4 or referred to in any Action or proceedings by any person or entity for any purpose, and each Party
5 shall be restored to his, her or its respective position as it existed prior to September 7, 2016.

6     17.    The Court may adjourn or continue the Settlement Fairness Hearing without further
7 written notice.

8     18.    The Court retains exclusive jurisdiction over the Action to consider all further
9 matters arising out of or connected with the Settlement.

11 Dated: _____, 2016        _____
12                                        HONORABLE YVONNE GONZALEZ ROGERS
                                       UNITED STATES DISTRICT COURT JUDGE