UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — OAKLAND DIVISION

| | |
|---|---|
| LATARA BIAS, ERIC BREAUX, and TROY LYNNE MORRISON, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WELLS FARGO & COMPANY, a Delaware corporation, and WELLS FARGO BANK, N.A., a national association,<br><br>        Defendants. | Case No. 4:12-cv-00664-YGR<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>*AS MODIFIED BY THE COURT* |

WHEREAS, on October 26, 2016, the Parties to the above-entitled action (the "Action") entered into a Settlement Agreement (the "Agreement"), annexed hereto as **Exhibit C**, which is subject to review by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Action on the merits and dismissal of the Action with prejudice; and the Court having read and considered the Agreement and the accompanying documents; and the parties to the Agreement having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court certified this case as a class action on December 17, 2015, and notice of the class action was provided to Class Members on June 9, 2016.

2.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Settlement Class consists of all residents of the United States of America who had a residential mortgage serviced by Wells Fargo Bank, N.A., or its subsidiaries or divisions, and who paid for one or more Broker's Price Opinions charged by Wells Fargo (through PAS), for an amount greater than the amount Wells Fargo (through PAS) paid a third party vendor for the corresponding [BPO], from May 6, 2005 through July 1, 2010.  Excluded from the Settlement Class are Defendants, any entity in which a Defendant has a controlling interest or is a parent or subsidiary of, or any entity that is controlled by a Defendant, and any of Defendants' officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns.  Also excluded from the Settlement Class are Class Members who timely and validly request  to exclude themselves from or Opt-Out of the Class by the deadline.

3.     For all of the reasons set forth in this Court's Order dated December 17, 2015, and solely for purposes of effectuating the Settlement, the Court preliminarily finds that (i) the members of the Class are so numerous that joinder of all Class members in the Action would be impracticable; (ii) there are questions of law and fact common to the Class that predominate over individual questions; (iii) the claims of Plaintiffs are typical of the claims of the Class; (iv) Plaintiffs and Class Counsel can fairly and adequately represent and protect the interests of Class members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of the Class members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Class members, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of a class action.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the Settlement and for no other purpose, Plaintiffs Latara Bias, Eric Breaux and Troy Lynne Morrison as representatives of the Class, and appoints Baron & Budd, P.C.; Cossich, Sumich, Parsiola and Taylor; and Kingsmill Riess, LLC as Class Counsel.

5.      The Court preliminarily finds that:

(a)      the proposed Settlement resulted from informed, extensive arm's-length negotiations, including mediation under the direction of an experienced mediator, the Hon. Irma E. Gonzalez, U.S. District Court Judge (Ret.);

(b)      Class Counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and

(c)      the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending Notice of Settlement to the Class.

6.      A hearing (the "Settlement Fairness Hearing") is hereby scheduled to be held before the Court on **April 4, 2017, at 2:00 p.m.** at the United States District Court, Northern District of California, U.S. District Courthouse, 1301 Clay Street, Courtroom 1— 4th Floor, Oakland, California 94612, to determine whether:  (a) the proposed Settlement of the Action for a $50,000,000 Settlement Fund should be approved by the Court as fair, reasonable, and adequate; (b) the Final Judgment as provided under the Agreement should be entered, dismissing the Second Amended Class Action Complaint filed in the Action on the merits and with prejudice; (c) the release by the Class of the Released Claims, as set forth in the Agreement, should be provided to Wells Fargo and the Released Parties; (d) to award Class Counsel attorneys' fees and expenses out of the Settlement Fund; (e) to grant Plaintiffs' request for Service Awards for the time and effort they expended in prosecuting this action on behalf of the Class out of the Settlement Fund; (f) to determine whether an order should be entered barring and enjoining Plaintiffs and all Settlement Class Members from instituting, commencing, maintaining or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Released Claims against any of the Released Parties; and (g) to rule upon such other matters as the Court may deem appropriate.

7.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement Fairness Hearing without further notice to the Class.  The Court reserves the right to enter its Final Judgment approving the Settlement and dismissing the Second Amended Complaint on the merits and with

1 prejudice regardless of whether it has approved Plaintiffs' request for service awards, or Class

2 Counsel's application for an award of attorneys' fees and expenses.

3      8.      The Court approves the form, substance and requirements of the Notice of

4 Proposed Settlement of Class Action (the "Notice"), the Summary Notice of Proposed Settlement

5 of Class Action (the "Summary Notice"), annexed hereto as **Exhibits A and B**.

6      9.      The Court approves the appointment of Epiq Systems, Inc. as the Class

7 Administrator.

8      (a)      The Class Administrator shall cause the Notice, substantially in the form annexed

9 hereto, to be mailed, by first class mail, postage prepaid, by **January 10, 2017**, to all Settlement

10 Class Members.

11      (b)      The Class Administrator shall cause the Summary Notice to be published, by

12 **January 24, 2017**, once in *Sports Illustrated*, once in *People* Magazine, and once over the PR

13 Newswire.  The Notice and Agreement shall be posted on the website www.BiasvWellsFargo.com

14 (the "Settlement Website"), that the Class Administrator will establish for this Action.

15      (c)      Plaintiffs' Counsel shall, at or before the Settlement Fairness Hearing, file with the

16 Court proof of mailing of the Notice of Settlement, establishment of the Settlement Website, and

17 proof of publication of the Summary Notice.

18      (d)      The form and content of the Notice and the Summary Notice, and the method set

19 forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet

20 the requirements of the Federal Rules of Civil Procedure and due process, constitute the best

21 notice practicable under the circumstances, and shall constitute due and sufficient notice to all

22 persons and entities entitled thereto.

23      10.      Settlement Class Members shall be bound by the Settlement and all determinations

24 and judgments in this Action concerning the Settlement, including, but not limited to the releases

25 provided for therein, whether favorable or unfavorable, unless they (1) previously validly excluded

26 themselves from this Action in response to the Notice of Class Action provided to Class Members

27 on June 9, 2016, or (2) request exclusion from the Class in a timely and proper manner, as

28 hereinafter provided.  A Class Member wishing to make such request shall, post marked not later

than **February 28, 2017**, mail a request for exclusion in written form by first class mail to the addresses designated in the Notice.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class and the settlement in *Bias v. Wells Fargo & Co.*, Case No. 12-664 (N.D. Cal.), and must be signed by such person.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Settlement Fund as described in the Settlement Agreement.

11.     The Court will consider comments and/or objections to the Settlement and the Plaintiffs' requests for Service Awards, and/or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers, are filed in writing with the Clerk of Court, United States District Court, Northern District of California, U.S. District Courthouse, 1301 Clay Street, Oakland, California 94612, and copies of all such papers are served -- postmarked not later than **February 28, 2017** -- upon each of the following: (i) Daniel Alberstone BARON & BUDD, P.C., 15910 Ventura Boulevard, Suite 1600, Encino, California 91436, on behalf of the Plaintiffs and the Class; and (ii) Mark D. Lonergan, Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, California 94111, on behalf of Wells Fargo. An objection must state that the objection is to the settlement in *Bias v. Wells Fargo & Co.*, Case No. 12-664 (N.D. Cal.), and include the Class Member's name, address, telephone number, signature, and the reasons for the objection to the Settlement.  Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally at the hearing in opposition to the approval of the Settlement and/or the Plaintiffs' and Class Counsel's attorneys' fee and expense motion are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plaintiffs' request for service awards, and/or the award of attorneys' fees and reimbursement of expenses, and desire to present evidence at the Settlement Fairness Hearing, must include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  If an objector

hires an attorney to represent him, her or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than **March 3, 2017**.  Any Class Member or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising (in this proceeding or on any appeal), any objection to the Settlement, and any untimely objection shall be barred.  Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

12.     Wells Fargo's Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

13.     All motions and papers in support of the Settlement, the request of Plaintiffs for service awards and any application by Plaintiffs' Counsel for attorneys' fees and expenses shall be filed and served no later than **February 14, 2017**.  Any reply papers shall be filed no later than **March 14, 2017**.

14.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal that asserts Released Claims against Wells Fargo or any of the Released Parties.

15.     As provided in the Settlement, the Class Administrator may be paid the reasonable and customary fees and costs associated with giving Notice of Settlement and the administration of the Settlement, up to $3,000,000, out of the Settlement Fund without further order of the Court.

16.     If any specified condition to the Settlement is not satisfied and the Settlement is terminated, then, in such event, the Settlement, including any amendment(s) thereof, and this Order Preliminarily Approving Settlement and Providing for Notice, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any Action or proceedings by any person or entity for any purpose, and each Party

1    shall be restored to his, her or its respective position as it existed prior to September 7, 2016.

2           17.     The Court may adjourn or continue the Settlement Fairness Hearing without further

3    written notice.

4           18.     The Court retains exclusive jurisdiction over the Action to consider all further

5    matters arising out of or connected with the Settlement.

6

7    Dated:   ___December 22___, 2016                    _____

8                                                        HONORABLE YVONNE GONZALEZ ROGERS
                                                         UNITED STATES DISTRICT COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

**Notice of Proposed Settlement of Class Action**

*Bias v. Wells Fargo & Company, et al.,*
Case No. 4:12-cv-00664-YGR

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

*Para ver este aviso en Español, se puede visitar www.BiasvWellsFargo.com*

**IF YOU HAVE OR HAD A MORTGAGE SERVICED BY WELLS FARGO AND PAID A BROKER'S PRICE OPINION FEE ASSESSED DURING THE PERIOD MAY 6, 2005 THROUGH JULY 1, 2010, YOU MAY BE ENTITLED TO CASH FROM A CLASS ACTION SETTLEMENT.**

This Notice of Proposed Settlement of Class Action ("Notice") was authorized by the United States District Court for the Northern District of California.[1]  It is not a lawyer solicitation.

This Notice advises you of the proposed Settlement ("Settlement") of a class action against Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") for a total of fifty million U.S. dollars ($50,000,000) in cash.  Details concerning the Settlement are provided below.  The lawsuit claims that that the fee Wells Fargo charged borrowers for Broker's Price Opinions ("BPOs") ordered through its division Premier Asset Services ("PAS") was improper, as it was greater than the amount Wells Fargo (through PAS) paid to third party real estate brokers who performed the BPOs.  The amount of the BPO charges generally ranged from $95 to $125 each.  A "BPO" is an informal valuation of real property, like an appraisal, but it is typically performed by a real estate broker.

Wells Fargo contends that all of its BPO fees, policies and procedures were proper and complied with the law.  Wells Fargo denies all the claims in the lawsuit and that it has done anything wrong.

The Court certified this case as a class action on December 17, 2015, and notice of the class action was provided to Class Members on June 9, 2016.  The initial deadline for Class Members to Opt-Out or exclude themselves from the Class Action expired on August 8, 2016.  If you are a Class Member and did not request to be excluded by the deadline, then you are still a part of this class action and are a Settlement Class Member.

If you do not want to remain a Class Member and you do not want to receive a *pro*

---

[1]     All capitalized terms used, but not defined herein, have the same meaning as the terms defined in the Settlement Agreement dated October 26, 2016 (the "Settlement").  The Settlement is posted on the Class Administrator's settlement website, www.BiasvWellsFargo.com.

*rata* share of the Settlement, and you want to keep any rights you may have to individually sue Wells Fargo Bank, N.A. or Wells Fargo & Co. over the issues in this case, you still have the right to Opt-Out of this Settlement. To be excluded, you must send a letter to Bias v. Wells Fargo Administrator; P.O. Box 2876; Portland, OR  97208-2876 that includes your name, address, signature and a request to be excluded from the *Bias, et al. v. Wells Fargo & Company, et al*. settlement. If you are excluded, you will not receive any money or any other benefits that the Plaintiffs may obtain as a result of this Settlement. The deadline to exclude yourself is **February 28, 2017**.

### A Summary of Your Rights and Choices:

*Your legal rights are affected whether you act or don't act. Please read this notice carefully. Your rights and options – and the deadlines to exercise them – are explained in this Notice.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Await the outcome. Receive a distribution from the Settlement Fund if you are a Class Member.** <br><br> By doing nothing, Class Members retain the right to receive money if the Settlement is approved by the Court. |
| **EXCLUDE YOURSELF** | **Get out of this lawsuit. Receive no portion of the settlement funds.** <br><br> If you exclude yourself from this settlement and it is approved by the Court you will not receive your share of any money as a result of the settlement. If you ask to be excluded, you will retain any rights you may have to sue Wells Fargo Bank N.A. or Wells Fargo & Co. on your own about the issues in this lawsuit. |
| **OBJECT** | **Remain in the lawsuit, but write to the Court about why you do not like the Settlement.** |

The Court in charge of this case still has to decide whether to approve the Settlement. If the Court does not approve the Settlement, Plaintiffs will need to prove the claims against the Defendants at trial.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ........................................................................ **PAGE 4**
    1. Why did I get this Notice?
    2. What is this lawsuit about?
    3. Why is this lawsuit a class action?

**THE STATUS OF THE LAWSUIT AND SUMMARY OF SETTLEMENT** ................. **PAGE 5**
    4. What is the case status?
    5. What is a class action and who is involved?
    6. How do I know if I am a Class Member?
    7. What are the Reasons for the Settlement?
    8. What is the Monetary Value of the Proposed Settlement?
    9. How Much Will My Payment Be?
    10. When Would I Get a Payment?
    11. What am I giving up as part of the Settlement?
    12. Do I need to contact anyone to receive a payment?
    13. There Will be No Payments if The Settlement Agreement is Terminated

**THE LAWYERS REPRESENTING YOU** .................................................... **PAGE 8**
    14. Do I have a lawyer in this case?
    15. How will the Lawyers be paid?

**YOUR RIGHTS** .................................................................................. **PAGE 9**
    16. Can I Exclude Myself From the Settlement?
    17. Can I Object to the Settlement?
    18. The Settlement Fairness Hearing
    19. May I Speak At The Settlement Fairness Hearing?
    20. Do I Have to Come to the Settlement Fairness Hearing?
    21. Injunction

**GETTING MORE INFORMATION** ......................................................... **PAGE 12**
    22. Are more details available?

# BASIC INFORMATION

| 1. Why did I get this Notice? |
|---|

This Notice is provided pursuant to an order issued by the United States District Court, Northern District of California (the "Court").  This Notice serves to inform you of the proposed Settlement and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement, as set forth in the Agreement, by and between Plaintiffs and Wells Fargo.  This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit.  The lawsuit is titled *Bias, et al. v. Wells Fargo & Company, et al.*, Case No.:  4:12-cv-00664-YGR.

| 2. What is this lawsuit about? |
|---|

The lawsuit claims that that the fee Wells Fargo assessed borrowers for Broker's Price Opinions ("BPOs") ordered through its division Premier Asset Services ("PAS") was improper, because it was greater than the amount Wells Fargo (through PAS) paid to third-party real estate brokers who performed the BPOs.  The amount of the BPO charges generally ranged from $95 to $125 each.   A "BPO" is an informal valuation of real property, like an appraisal, but it is typically performed by a real estate broker.

Wells Fargo contends that all of its BPO fees, policies and procedures were proper and complied with the law.  Wells Fargo denies all the claims in the lawsuit and that it has done anything wrong.

| 3. Why is this lawsuit a class action? |
|---|

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Rule 23 of the Federal Rule of Civil Procedure, which governs class actions in federal courts.  Specifically, the Court found that all residents of the United States of America who had a residential mortgage serviced by Wells Fargo Bank, N.A. or its subsidiaries or divisions, who paid for one or more Broker's Price Opinions charged by Wells Fargo in an amount greater than the amount Wells Fargo paid a third party vendor or real estate broker for the corresponding Broker's Price Opinion, from May 6, 2005 through July 1, 2010 are members of the class.

More information about why the Court is allowing this lawsuit to proceed as a class action is in the Order Granting Plaintiffs' Motion for Class Certification available at www.BiasvWellsFargo.com.

## THE STATUS OF THE LAWSUIT AND SUMMARY OF SETTLEMENT

### 4. What is the case status?

The Court certified this case as a class action on December 17, 2015, and notice of the class action was provided to Class Members on or about June 9, 2016.

The Parties have reached a Settlement and are in the process of seeking Court approval of the Settlement.

### 5. What is a class action and who is involved?

In a class action, one or more persons called class representatives sue on behalf of other persons with similar claims.  In this case, the class representatives are Plaintiffs Latara Bias, Eric Breaux and Troy Lynne Morrison.

The class representatives and the persons on whose behalf they have sued together constitute the "Class" or "Class Members."  Their attorneys are called "Plaintiffs' Counsel" or "Class Counsel."  The persons that have been sued are called the Defendants.

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those class members who exclude themselves from the class.  The Court, by order dated December 17, 2015, certified this case as a class action.

### 6. How do I know if I am a Class Member?

If you are a resident of the United States of America who had a residential mortgage serviced by Wells Fargo Bank, N.A. and you paid for one or more Broker's Price Opinions in an amount greater than the amount Wells Fargo paid a third party vendor or real estate broker for the BPO from May 6, 2005 through July 1, 2010, you are a Class Member.  If you did not receive a copy of this notice by mail, but believe that you are a Class Member, you can contact the Class Administrator.   See the settlement website for contact information: www.BiasvWellsFargo.com

### 7. What are the Reasons for the Settlement?

The Court has not reached any final decisions in connection with Plaintiffs' claims

against Wells Fargo. Instead, Plaintiffs and Wells Fargo have agreed to this Settlement. In reaching the Settlement, they have avoided the cost, delay and uncertainty of further litigation.

As in any litigation, Plaintiffs and the proposed Class would face an uncertain outcome if they did not agree to the proposed Settlement. The Parties expected that the case could continue for a lengthy period of time and that, if Plaintiffs succeeded, there could be an appeal that would postpone final resolution of the case. Continuation of the case could result in a judgment greater than this Settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Plaintiffs and Class Counsel believe that this Settlement is fair and reasonable to the members of the Class. They have reached this conclusion for several reasons. If the Settlement is approved, the Class will receive a significant monetary recovery. Additionally, Class Counsel believes that the significant and immediate benefits of the proposed Settlement are an excellent result for the Class – especially given the risks and uncertainties of continued litigation.

Wells Fargo denies any wrongdoing and its agreement to settle this Action shall in no event be construed or deemed to be evidence or an admission or concession on the part of Wells Fargo with respect to any claim or of any fault, liability, wrongdoing, or damage.

## 8. What is the Monetary Value of the Proposed Settlement?

The Settlement calls for the establishment of a $50 million fund (the "Fund"). This Fund is non-reversionary, meaning that, subject to Court approval, the entire amount will be distributed as follows: (1) payments to Class Members (allocated *pro rata* based on the number of loans included in the class); (2) payments to the Class Administrator of up to $3 million for the cost of providing notice and the administration of payments to Class Members; (3) class representative service awards in a sum not to exceed $10,000 each; and (4) Class Counsel are entitled to seek up to $12.5 million in attorneys' fees and up to $1.5 million for reimbursement of litigation expenses.

## 9. How Much Will My Payment Be?

In order to receive your *pro rata* share of the settlement as a monetary benefit you do not need to file a claim and you do not need to submit any documentation. You will be automatically sent your payment if you are a Class Member. The current estimated *pro rata* distribution per loan is $113.96.

**QUESTIONS? VISIT WWW.BIASVWELLSFARGO.COM**

## 10. When Would I Get a Payment?

The Court will hold a hearing on **April 4, 2017, at 2:00 p.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year.  Please be patient. **Please note that the date and time are subject to change.  See the case website for any changes.  www.BiasvWellsFargo.com**

## 11. What am I giving up as part of the Settlement?

If the Settlement is approved by the Court, the Court will enter a Final Judgment. Upon the Effective Date, Plaintiffs and all Settlement Class Members, on behalf of themselves and each of the Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Settlement Class Member ultimately cashes a settlement check.

The Release By Settlement Class Members states:  As of the Effective Date, all Settlement Class Members shall, on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, automatically be deemed to have fully and irrevocably released and forever discharged Wells Fargo and all Released Parties of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters that were or could have been alleged in the Action, arising out of, or related to, broker's price opinions or Wells Fargo's practices in ordering or charging borrowers fees for broker's price opinions.  Such release includes any claims, actions, causes of action, demands, damages, losses, or remedies relating in any way to broker's price opinions, including, but not limited to, claims for violation of RICO; claims for violation of California's UCL; claims for violation of state unfair and deceptive acts and practices statutes; claims based upon the alleged breach of any statute, rule, regulation, servicing guideline or investor guideline, including rules, regulations or guidelines promulgated by the Consumer Finance Protection Bureau, the Department of Housing and Urban Development, the Federal Housing Administration, Fannie Mae, Freddie Mac, or any other state or federal office, body, or government sponsored enterprise or private investor; claims for breach of any mortgage, deed of trust or other contractual provision; claims in tort, such as, without limitation, for negligence, fraud, or misrepresentation; and, any other federal, state, statutory or common law claim

relating in any way to broker's price opinions or Wells Fargo's practices in ordering or charging borrowers fees for broker's price opinions.

The above description of the proposed Settlement is only a summary. The complete terms, including the definitions of the Effective Date and other terms, are set forth in the Agreement (including its exhibits), which you may obtain at www.BiasvWellsFargo.com, or by contacting Class Counsel, who are identified in Question 17 below.

| 12. Do I need to contact anyone to receive a payment? |
| --- |

No. If you have received Notice of Settlement, you need not contact anyone to receive a payment in the event the Settlement receives Final Approval. If you did not receive the Notice of Settlement but believe you should have, or if your address changes, please contact the Class Administrator at:

<div align="center">

Bias v. Wells Fargo Administrator
PO Box 2876
Portland, OR 97208-2876
www.BiasvWellsFargo.com

</div>

| 13. There Will be No Payments if The Settlement Agreement is Terminated |
| --- |

The Settlement may be terminated under several circumstances outlined in the Agreement. If the Settlement is terminated, the Action will proceed as if the Settlement had not been entered into.

# THE LAWYERS REPRESENTING YOU

| 14. Do I have a lawyer in this case? |
| --- |

The Court decided that the law firms of Baron & Budd, P.C., Cossich, Sumich, Parsiola and Taylor and Kingsmill Riess, LLC are qualified to represent the class. Together the law firms are called "Class Counsel." They are experienced in handling similar class action cases. More information about these law firms, their practices and their lawyers' experience is available at www.baronandbudd.com, www.cossichlaw.com, and www.kingsmillriess.com.

| 15. How will the Lawyers be paid? |
| --- |

Class Counsel will file a motion for an award of attorneys' fees and expenses that will be considered by the Court. Class Counsel will limit their application for an award of attorneys' fees to not more $12,500,000. Defendants are paying reimbursement of expenses incurred in connection with the Action in an amount

not to exceed $1,500,000.  As part of these amounts, each of the Plaintiffs may seek Service Awards in an amount not to exceed $10,000 for the time and effort they expended in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Class Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  Class Counsel have committed significant time and expenses in litigating this case for the benefit of the Class.  To date, Class Counsel has not been paid for their services in conducting this Action on behalf of the Plaintiffs and the Class, or for their expenses.  The fees requested will compensate Class Counsel for their work in achieving the Settlement.  The Court will decide what a reasonable fee award is and may award less than the amount requested by Class Counsel.

## YOUR RIGHTS

### 16. Can I Exclude Myself From the Settlement?

If you already have your own lawsuit or wish to start one for the recovery of BPO charges you paid to Wells Fargo and want to continue with it, you need to ask to be excluded from the settlement.  If you exclude yourself from the Settlement -- which is sometimes called "opting-out" of the settlement -- you will not get any money or payment from this settlement or lawsuit, even if you decide later not to pursue a claim against Wells Fargo or you receive no money from Wells Fargo related to BPO fees assessed on mortgages serviced by Wells Fargo from May 6, 2005 through July 1, 2010.  However, by opting-out, and depending upon your legal circumstance, you may then have the right to sue Wells Fargo in connection with BPO charges or maintain your already filed suit.  If you exclude yourself, you will not be legally bound by the Court's orders and judgments in this class action.

If you start your own lawsuit against Wells Fargo after you exclude yourself, you may have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims.  If you do exclude yourself so you can start or continue your own lawsuit against Wells Fargo, you should talk to your own lawyer as soon as possible, because your claims may be limited by time and subject to a statute of limitations.

To be excluded, you must send an "Exclusion Request' in the form of a letter sent by mail, stating that you want to be excluded from *Bias, et al. v. Wells Fargo & Company, et al.*  Be sure to include your name and address, and sign and date the letter.  You must mail your Exclusion Request postmarked by **February 28, 2017**, to:

<div align="center">

Bias v. Wells Fargo Administrator
PO Box 2876
Portland, OR 97208-2876

</div>

You may also find an Exclusion Request form at the website: www.BiasvWellsFargo.com

<div style="background-color:gray">

**17. Can I Object to the Settlement?**

</div>

Yes.  If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it or parts of it.   You may specifically object to the requested attorneys' fees, costs and expenses, and/or Plaintiffs' requests for Service Awards. The Court will consider your views.  To object, you must send a written statement saying you object to the settlement in Bias v. Wells Fargo & Company, Case No. 12-664 (N.D. Cal.).   Be sure to include evidence of your membership in the Settlement Class, including your name, address, telephone number, your signature, and the reasons for your objection to the Settlement.   Any objections must be postmarked on or before February 28, 2017, by each of the following:

<div align="center">

**<u>Court:</u>**

United States District Court
1301 Clay Street, Suite 400S
Oakland, CA 94612


**<u>Class Administrator:</u>**

Bias v. Wells Fargo Administrator
PO Box 2876
Portland, OR 97208-2876
www.BiasvWellsFargo.com

</div>

**Class Counsel:**

Daniel Alberstone, Roland Tellis, Mark Pifko
Baron & Budd, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California  91436

**Wells Fargo's Counsel:**

Mark D. Lonergan, Rebecca S. Saelao
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, California 94111

Attendance at the Settlement Fairness Hearing is not necessary to object; however, persons wishing to be heard orally at the Settlement Fairness Hearing are required to indicate in their written objection their intention to appear at the hearing and the identity of any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

Unless otherwise directed by the Court, any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this proceeding or on any appeal) any objection to the Settlement.  Any untimely objection shall be barred.

## 18. The Settlement Fairness Hearing

The Settlement Fairness Hearing will be held on **April 4, 2017, at 2:00 p.m.**, before the Honorable Yvonne Gonzalez Rogers, at the United States District Court, Northern District of California, U.S. District Courthouse, 1301 Clay Street, Courtroom 1— 4th Floor, Oakland, California 94612, for the purpose of determining whether: (1) the proposed Settlement of the Action for a $50,000,000 Settlement Fund should be approved by the Court as fair, reasonable, and adequate; (2) the Final Judgment as provided under the Agreement should be entered, dismissing the Second Amended Class Action Complaint filed in the Action on the merits and with prejudice; (3) the release by the Class of the Released Claims, as set forth in the Agreement, should be provided to the Released Parties; (4) to award Class Counsel attorneys' fees and expenses out of the Settlement Fund; and (5) to grant Plaintiffs' request for Service Awards for the time and effort they expended in prosecuting this action on behalf of the Class out of the Settlement Fund.  The Court may adjourn or continue the Settlement Fairness Hearing without further written notice.  **Please note that the date and**

time are subject to change.   See the case website for any changes. www.BiasvWellsFargo.com

### 19. May I Speak At The Settlement Fairness Hearing?

Yes, however, you must first inform the Court of your intention to speak at the Settlement Fairness Hearing.  To do so, you must send a letter stating that it is your "Notice of Intention to Appear in Bias v. Wells Fargo & Company, Case No. 12-664 (N.D. Cal.)."  Be sure to include your name, address, telephone number and signature.  Your Notice of Intention to Appear must be postmarked no later than **March 3, 2017** and be sent to the Clerk of Court, Plaintiffs' Counsel, and Defendants' counsel at the addresses listed above in Question 17.  You cannot speak at the hearing if you excluded yourself, or "opted out" of the Class.

### 20. Do I Have to Come to the Settlement Fairness Hearing?

No.  Class Counsel will answer questions the Court may have, but you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

### 21. Injunction

The Court has issued an order enjoining Plaintiffs and all Class Members, and anyone who acts or purports to act on their behalf, from instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Party, pending final determination by the Court of whether the Settlement should be approved.

## GETTING MORE INFORMATION

### 22. Are more details available?

If you want more detailed information you can visit the website, www.BiasvWellsFargo.com, where you will find the Settlement documents, including the Agreement, Preliminary Approval Order, and other case related documents.  You may also speak to one of the lawyers by calling Class Counsel:

<u>Class Counsel</u>:
Daniel Alberstone, Roland Tellis, Mark Pifko
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Telephone: (866) 260-3971 / Facsimile: (818) 986-9698

Marguerite K. Kingsmill, Charles B. Colvin
KINGSMILL RIESS, L.L.C.
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170
Telephone: (504) 581-3300 / Facsimile: (504) 581-3310

Philip F. Cossich, Jr., David A. Parsiola
COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.
8397 Highway 23, Suite 100
Belle Chasse, Louisiana 70037
Telephone: (504) 394-9000 / Facsimile: (504) 394-9110

**DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION.**

# Exhibit B

**Summary Notice of Proposed Settlement of Class Action**

<u>**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**</u>

**Para ver este aviso en Español, se puede visitar www.BiasvWellsFargo.com**

**TO:  ALL PERSONS WHO HAD A MORTGAGE SERVICED BY WELLS FARGO AND PAID A BROKER'S PRICE OPINION FEE ASSESSED DURING THE PERIOD MAY 6, 2005 THROUGH JULY 1, 2010, YOU MAY BE ENTITLED TO CASH FROM A CLASS ACTION SETTLEMENT.  READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION SETTLEMENT.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on **April 4, 2017, at 2:00 p.m.**, to decide whether to approve the Settlement before the Honorable Yvonne Gonzalez Rogers, at the United States District Court, Northern District of California, U.S. District Courthouse, 1301 Clay Street, Courtroom 1— 4th Floor, Oakland, California 94612.  **Please note that the date and time are subject to change.  See the case website for any changes. www.BiasvWellsFargo.com**

In the lawsuit, the Plaintiffs argued that Wells Fargo violated the law by charging homeowners more than the amount Wells Fargo paid for Broker's Price Opinions ("BPOs"). Wells Fargo denies all the claims in the lawsuit and that it has done anything wrong.  Wells Fargo contends that all of its BPO policies and procedures complied with the law.  However, rather than continue to litigate the case in court, the parties reached a settlement.

The settlement calls for Wells Fargo to establish a $50 million dollar fund.  Payments to class members will be made from this fund.  ***If you are a class member and you want to receive benefits from the settlement, you do not need to make a claim.  A check will be mailed to you at your last known address in Wells Fargo's records.***  You are a member of the class if you had a loan serviced by Wells Fargo and between May 6, 2005 and July 1, 2010, you were charged $95 to $125 for a BPO and paid for that BPO.  If you are a class member and you moved, please go to the settlement website to find out how to update your mailing address:

www.BiasvWellsFargo.com.   If you are not sure whether you are a class member, you can contact the settlement administrator to confirm your membership in the class.

You may obtain a copy of the Notice of Settlement, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a copy of the Settlement (which among other things contains definitions for the defined terms used in this summary), online at www.BiasvWellsFargo.com, or by writing to:

<div align="center">

Bias v. Wells Fargo Administrator
PO Box 2876
Portland, OR 97208-2876

</div>

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

# Exhibit C

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among Latara Bias, Eric Breaux and Troy Lynne Morrison (collectively, "Plaintiffs"), on behalf of themselves and the class of persons defined herein, and Wells Fargo Bank, N.A. and Wells Fargo & Company (collectively, "Wells Fargo" or "Defendants").  Plaintiffs and Wells Fargo will be referred to in this Agreement as the "Parties."

## I.   RECITALS

1.01   On May 6, 2009, Troy Lynne Morrison filed a putative class action complaint against Wells Fargo in the United States District Court for the Eastern District of Louisiana, Case No. 09-3466 ("Morrison Action").

1.02   On February 10, 2012, Latara Bias, Eric Breaux, and former plaintiff Nan White-Price filed a putative class action complaint against Wells Fargo in the United States District Court for the Northern District of California, Case No. 12-664 ("Bias Action").

1.03   Both the Morrison Action and the Bias Action sought certification of a nationwide class of Wells Fargo borrowers charged for broker's price opinions ("BPOs").  The complaint in the Morrison Action included a claim for unjust enrichment, along with claims for breach of contract and conversion.  The complaint in the Bias Action asserted claims for violation of California's Unfair Competition Law or "UCL" (Cal. Bus. & Prof. Code, §§ 17200) and for violation of the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. §§ 1961-1968 ("RICO"), unjust enrichment and fraud.

1.04   The Morrison Action was litigated in the Eastern District of Louisiana from May 2009 until May 29, 2012, when the Court transferred it to the Northern District of California, where it was docketed as Case No. 12-2916.

1.05    On November 4, 2013, the Court consolidated the Morrison Action and Bias

Action under Case No. 12-664 (together, "the Action").

1.06    Plaintiffs' Second Amended Complaint, filed July 24, 2012 ("SAC") is the

operative complaint in the Action.  The SAC generally challenges Wells Fargo's practices in

ordering and charging delinquent mortgage borrowers for BPOs.  Plaintiffs allege that the fee

Wells Fargo assessed borrowers for BPOs ordered through its internal division, Premier Asset

Services ("PAS"), was improper, because it was greater than the amount Wells Fargo (through

PAS) paid to third party real estate brokers for providing opinions as to the value of properties.

1.07    On May 23, 2013, Wells Fargo filed an answer to the SAC.

1.08    Wells Fargo denied and continues to deny the allegations of any wrongdoing in

the SAC and, more generally, denies all of Plaintiffs' allegations that Wells Fargo's practices in

ordering and charging borrowers for BPOs were in any way improper.  Wells Fargo further

denies any and all liability with respect to the facts and claims alleged in the Action, and denies

that Plaintiffs and/or the members of the Settlement Class (as defined below) have suffered any

damage.  Nevertheless, Wells Fargo desires to settle the Action on the terms and conditions set

forth herein for the purposes of avoiding the burden, expense, and uncertainty of continuing

litigation.

1.09    Over the course of the Action, the Parties briefed various motions, including

Wells Fargo's motions to dismiss filed June 15, 2012 and August 7, 2012, Plaintiffs' motion for

class certification filed June 9, 2015, and Wells Fargo's motion for summary judgment filed

April 5, 2016.  Wells Fargo's motion for summary judgment was fully briefed and argued on

May 17, 2016, and was pending a decision when this Settlement was reached.  In addition, the

Parties engaged in extensive discovery, including production by Wells Fargo of electronically

stored information, additional voluminous data, and over 124,000 pages of documents.  The Parties exchanged reports from six expert witnesses, and took depositions of the six expert witnesses and over twenty fact witnesses.

    1.10     On December 17, 2015, the Court granted-in-part and denied-in-part Plaintiffs' motion for class certification.  After issuing an order amending the class definition on March 7, 2016, the Court certified the following class on Plaintiffs' RICO claim only:  "All residents of the United States of America who had a residential mortgage serviced by Wells Fargo Bank, N.A., or its subsidiaries or divisions, and who paid for one or more Broker's Price Opinions charged by Wells Fargo (through PAS), for an amount greater than the amount Wells Fargo (through PAS) paid a third party vendor for the corresponding [BPO], from May 6, 2005 through July 1, 2010."

    1.11     On March 23, 2016, the Court issued an order approving Plaintiffs' proposed Class notice documents and class notice plan.

    1.12     Plaintiffs, through the Class Administrator (as defined below), sent a Notice of Class Action to the Class on or about June 9, 2016, and created a website, http://www.BiasvWellsFargo.com, that made available the Court's orders granting-in-part and denying-in-part Plaintiffs' motion for class certification and amending the class period.  In addition, the website made available the Court-approved long form Notice of Class Action, along with an exclusion request form.

    1.13     Pursuant to the Notice of Class Action, any Class Member who wished to be excluded from the Class was required to request such exclusion in correspondence directed to the Class Administrator postmarked by August 8, 2016.  A total of 52 exclusion requests were received by the Class Administrator postmarked by the August 8, 2016 deadline.

1.14    Contested issues of both fact and law exist and remain concerning the allegations and claims made against Wells Fargo.

1.15    In an effort to resolve this dispute, the Parties participated in multiple mediations and settlement conferences over the course of the Action.  In April 2014, the Parties participated in a mediation before the Honorable Ronald M. Sabraw of JAMS.  In September 2015 and again in September 2016, the Parties participated in mediation before the Honorable Irma E. Gonzalez of JAMS, the latter session resulting in the present settlement.

1.16    Class Counsel (as defined below) have fully analyzed and evaluated the merits of all Parties' contentions and this settlement as it impacts upon all Parties, including the individual members of the Settlement Class.  After taking into account the foregoing, along with the substantial risks of continued litigation and the likelihood that the Action—if not settled now—will be protracted and expensive, Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate, and that the Settlement is in the best interests of the Plaintiffs and Settlement Class.

1.17    In consideration of the covenants and agreements set forth herein, the Plaintiffs, Settlement Class and Wells Fargo, themselves and through their undersigned counsel, agree to the settlement of the Action, subject to Court approval, under the following terms and conditions.

## II.    DEFINED TERMS

As used in this Agreement, the following terms having the meanings set forth below:

2.01    **"Action"** means Bias v. Wells Fargo & Company et al., No. 12-664-YGR (N.D. Cal.), consolidated with Morrison v. Wells Fargo Bank, N.A., No. 12-2916-YGR (N.D. Cal.).

2.02    **"Agreement"** refers to this Settlement Agreement.

2.03    **"Attorneys' Fees, Costs and Service Award Fund"** means the portion of the Settlement Fund to be allocated to pay, subject to Court approval, Class Counsel's attorneys'

fees, litigation expenses incurred in connection with the Action, and Service Awards for the named Plaintiffs.

2.04    **"Claimant Fund"** means the portion of the Settlement Fund to be distributed to Class Members.

2.05    **"Class Administration Fund"** means the portion of the Settlement Fund to be allocated for payment of costs of providing Notice of Settlement to the Class and administration of the Settlement by the Class Administrator.

2.06    **"Class"** or **"Class Members"** means those persons included in the class definition set forth in the Court's March 7, 2016, Order, as follows: "All residents of the United States of America who had a residential mortgage serviced by Wells Fargo Bank, N.A., or its subsidiaries or divisions, and who paid for one or more Broker's Price Opinions charged by Wells Fargo (through PAS), for an amount greater than the amount Wells Fargo (through PAS) paid a third party vendor for the corresponding [BPO], from May 6, 2005 through July 1, 2010." Excluded from the Class are Defendants, any entity in which a Defendant has a controlling interest or is a parent or subsidiary of, or any entity that is controlled by a Defendant, and any of Defendants' officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns.

2.07    **"Class Administrator"** refers to Epiq Systems, Inc.

2.08    **"Class Counsel"** refers to: Daniel Alberstone, Roland K. Tellis, and Mark P. Pifko of Baron & Budd, P.C.; David A. Parsiola and Andrew Cvitanovic of Cossich, Sumich, Parsiola and Taylor; and Marguerite Kingsmill and Charles Colvin of Kingsmill Riess, LLC.

2.09    **"Class Representatives"** refers to Latara Bias, Eric Breaux and Troy Lynne Morrison.

2.10    **"Court"** refers to the United States District Court for the Northern District of California.

2.11    **"Defendant"** or **"Defendants"** refers to Wells Fargo Bank, N.A. and Wells Fargo & Company, and each of them.

2.12    **"Effective Date"** means the fifth business day after which all of the following events have occurred:

      a.    All Parties, Wells Fargo's Counsel and Class Counsel have executed this Agreement;

      b.    The Court has entered without material change (unless such change is mutually agreed to by the Parties) the Final Approval Order and Final Judgment;

      c.    The time to file a motion to alter or amend the Final Judgment under Federal Rule of Civil Procedure 59(e) has expired, without any such motion having been filed, or if such a motion is filed, the final determination of that motion has occurred in a manner as to permit the consummation of the Settlement in accordance with the terms herein; and

      d.    The time for appeal or petition for review of the Final Approval Order and Final Judgment has expired, and no appeal or petition for rehearing or review has been timely filed; or the Final Approval Order and Final Judgment are affirmed on appeal or review without change (unless such change is mutually agreed to by the Parties), the court of appeals has issued its mandate, and no other appeal or petition for certiorari or review is pending, and the time period during which a petition for hearing, review, appeal, or certiorari could be taken has finally expired.

2.13    **"Escrow Account"** means an escrow account to be created by the Class Administrator at JP Morgan Chase Bank, National Association or such other national bank as the

Parties agree upon, for the purpose of holding and investing the Settlement Fund as set forth in paragraph 4.01.

2.14 **"Final Approval"** refers to the Court's entry of the Final Approval Order and Final Judgment granting final approval to the Settlement and determining the amount of any fees, costs and expenses awarded to Class Counsel and any Service Award to Plaintiffs.

2.15 **"Final Approval Hearing"** means the hearing at which the Court decides whether to grant Final Approval of the Settlement.

2.16 **"Final Approval Order"** means the order that the Court enters upon granting Final Approval of the Settlement, in substantially the form of **Exhibit B** to this Agreement (Proposed Final Approval Order and Judgment of Dismissal With Prejudice).

2.17 **"Final Judgment"** means the Final Judgment to be entered by the Court at the Final Approval Hearing or such other time approving this Agreement, as fair, adequate and reasonable in accordance with applicable jurisprudence, confirming the Settlement Class, and issuing such other findings and determinations as the Court or the Parties deem necessary and appropriate to effectuate the terms of this Agreement. The Final Judgment shall be substantially in the form of **Exhibit B** to this Agreement (Proposed Final Approval Order and Judgment of Dismissal With Prejudice).

2.18 **"Notice of Class Action"** means the notices sent to Class Members by Plaintiffs' counsel, through the Class Administrator, on or about June 9, 2016, and made available on the website http://www.BiasvWellsFargo.com.

2.19 **"Notice of Settlement"** means the notice of proposed settlement of class action that the Parties will ask the Court to approve in connection with the motion for Preliminary Approval of the Settlement. The Notice of Settlement shall be substantially in the form of

Exhibits **A-1** and **A-2** to this Agreement, and shall include direct notice by mail (**Exhibit A-1**) and by publication notice (**Exhibit A-2**).

    2.20    **"Opt-Out"** means a request by a Class Member to be excluded from the Class which was received by the Class Administrator and postmarked by the Opt-Out Deadline.  In connection with the post-certification notice and opt-out opportunity, a total of 52 Opt-Out requests were received by the Class Administrator.

    2.21    **"Opt-Out Deadline"** means the deadline to submit a request for exclusion, as set by the Court in the Preliminary Approval Order.

    2.22    **"Parties"** means Plaintiffs and Wells Fargo.

    2.23    **"Plaintiffs"** means Latara Bias, Eric Breaux and Troy Lynne Morrison.

    2.24    **"Preliminary Approval"** refers to the Court's entry of the order preliminarily approving the terms and conditions of this Agreement without material change (unless such change is mutually agreed to by the Parties), including the manner of providing Notice of Settlement to the Settlement Class, and setting the Final Approval Hearing.

    2.25    **"Preliminary Approval Hearing"** means the hearing at which the Court decides whether to grant Preliminary Approval of the Settlement.

    2.26    **"Preliminary Approval Order"** means the order that the Court enters upon granting Preliminary Approval of the Settlement, in substantially the form of **Exhibit A** to this Agreement.

    2.27    **"Released Claims"** means all claims of Plaintiffs and Settlement Class Members which are to be released under this Settlement, as specified in Sections 5.01 and 5.02 of this Agreement.

2.28    **"Released Parties"** and **"Released Defendants"** means Wells Fargo Bank, N.A., Wells Fargo & Company, and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, principals, investors, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them.

2.29    **"Releases"** means all of the releases contained in Sections 5.01 and 5.02 of this Agreement.

2.30    **"Releasing Parties"** means Plaintiffs and all Settlement Class Members, and each of their respective heirs, assigns, beneficiaries and successors, and any person claiming through or on behalf of them.

2.31    **"Service Award"** means any payments to the Class Representatives for their service in the Action, which shall be in full and final satisfaction of any and all of the Class Representatives' individual claims relating to the subject matter of the Action, which they asserted or could have asserted against Wells Fargo.

2.32    **"Settlement"** means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement and the attached exhibits, which are incorporated herein by reference.

2.33    **"Settlement Class"** means all persons in the Class who did not send an Opt-Out request to the Class Administrator post-marked by the Opt-Out Deadline.

2.34    **"Settlement Class Member"** refers to those individuals falling within the definition of the Settlement Class.

2.35 **"Settlement Fund"** refers to the fund to be created by Wells Fargo's payment of $50,000,000.00 under the terms of this Agreement. In no event shall Wells Fargo be required to pay more than $50,000,000.00 in total under this Agreement.

2.36 **"Taxes"** means (i) all taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed with respect to any income earned by the Settlement Fund for any period; and (ii) other taxes or tax expenses imposed on or in connection with (A) the Settlement Fund or (B) any payments made to any person or entity from the Settlement Fund.

2.37 **"Wells Fargo"** refers to Wells Fargo Bank, N.A. and Wells Fargo & Company.

2.38 **"Wells Fargo's Counsel"** refers to Mark D. Lonergan, John Sullivan and Rebecca S. Saelao of Severson & Werson, A Professional Corporation.

2.39 As used herein, the plural of any of the above-defined terms includes the singular thereof and the singular of any defined term includes the plural thereof as the case may be.

## III. SETTLEMENT ADMINISTRATION

3.01 **Identification of Class Members.** After extensive discovery and analysis, Plaintiffs identified those persons who appear to be Class Members based upon Wells Fargo's data on mortgage borrowers.

3.02 **Notice of Settlement.** Upon the Court's entry of the Preliminary Approval Order, Settlement Class Members will receive Notice of Settlement, as set forth below.

3.03 **Objection.** Any Class Member (other than the Class Representatives and those Class Members who requested exclusion from the Class by the Opt-Out Deadline) may object to the Agreement by submitting an objection to the Class Administrator and the Court. To be valid, an objection must be in writing, include the Class Member's name, address, telephone number,

signature, and a statement of the nature of the objection, and must be postmarked no later than 30 days after the Notice of Settlement. The Class Administrator will retain copies of all communications from the Class, including all objections to the Settlement. The Class Administrator will provide copies of these documents to Class Counsel and Wells Fargo's Counsel.

      3.04    **Obligation of Class Administrator.** On or before five business days after entry of Preliminary Approval Order, Class Counsel and Plaintiffs shall engage the Class Administrator. The Class Administrator shall be responsible for:

      a.    **Providing Class Notice.** Within 20 days of the Preliminary Approval Order: (i) preparing, printing and disseminating, by mail to the Class Member addresses provided by Wells Fargo to the Class Administrator, to members of the Settlement Class the Notice of Settlement substantially in the form attached hereto as **Exhibit A-1**; (ii) providing publication notice in the form attached hereto as **Exhibit A-2** once in *Sports Illustrated*, once in *People* Magazine, and once via press release on PR Newswire; and (iii) posting the Notice of Settlement on the website maintained by the Class Administrator, www.BiasvWellsFargo.com.

      b.    promptly furnishing to Class Counsel and Wells Fargo's Counsel copies of any objections or other written or electronic communications from Settlement Class Members;

      c.    determining eligibility for, and amount of, payments to be made under this Agreement;

      d.    keeping track of objections to the settlement, including maintaining the original mailing envelope in which they were mailed;

      e.    preparing and mailing settlement checks to Settlement Class Members in accordance with paragraph 4.04 of this Agreement;

f.       arranging for a live operator to be available by telephone to Settlement Class Members;

g.       preparing and mailing reminder postcards to Settlement Class Members who have not cashed their checks by at least half-way before the stale-date deadline on the checks;

h.       paying Service Awards to Plaintiffs and paying Class Counsel their fees, expenses and costs, if and to the extent ordered by the Court;

i.       paying any Taxes due on income generated from the Settlement Fund and performing any and all Tax reporting duties required by federal, state, or local law;

j.       referring to Class Counsel and Wells Fargo's Counsel all inquiries by Settlement Class Members regarding matters not specified herein;

k.       maintaining adequate records of all its activities, including the dates of each mailing of Notices of Settlement, returned mail, and other communications and attempted written or electronic communications with Settlement Class Members;

l.       preparing a report listing all payments to Class Members and providing copies of this report to Class Counsel and Wells Fargo's Counsel for review;

m.       confirming in writing its completion of the administration of the Settlement;

n.       preparing a final report summarizing any objections or disputes filed and the resolution thereof, as well as the number and amount of checks cashed, returned, or not returned and not negotiated;

o.       providing to the Court prior to Final Approval a declaration describing the mailing of Notice of Settlement to the Settlement Class;

p.      opening the Escrow Account for the purpose of holding and investing the Settlement Fund as set forth in paragraph 4.01; and,

q.      such other tasks as Class Counsel and Wells Fargo's Counsel mutually agree.

3.05    Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission or determination of the Class Administrator, or any of the Class Administrator's designees or agents, in connection with distributing, administering, or escrowing of the Settlement Fund or otherwise; (ii) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (iii) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. The Class Administrator shall indemnify and hold harmless the Parties out of the Settlement Fund from and against any claims, liabilities, or losses relating to the matters addressed in the preceding sentence.

## IV.    CREATION AND DISTRIBUTION OF SETTLEMENT FUND

4.01    **Creation of Settlement Fund.**  (a)  In consideration of the releases provided herein and in full settlement of the Released Claims, Wells Fargo shall cause the payment of $50,000,000 (the "Settlement Fund") to be transferred to the Class Administrator for deposit into the Escrow Account, within thirty (30) calendar days of the Court's entry of the Preliminary Approval Order. Except in the event the settlement is terminated under paragraph 7.03 or not approved for any reason, no portion of the $50,000,000 paid by Wells Fargo shall revert to Wells Fargo. In the event that the Settlement is terminated or not approved for any reason, the funds remaining in the Settlement Fund shall be promptly paid to Wells Fargo within thirty (30) calendar days of the occurrence of termination or non-approval and shall upon the occurrence of termination or non-approval be the sole and exclusive property of Wells Fargo. The Settlement

Fund shall be used to pay all distributions to Settlement Class Members, any Service Awards to the Plaintiffs, and all attorneys' fees, costs and expenses awarded to Class Counsel. In no event shall the amount paid by Wells Fargo under the terms of this Settlement exceed $50,000,000.

4.02    **Escrow Account in Custody of Court.**  The Escrow Account and Settlement Fund deposited therein shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund shall be distributed by the Class Administrator or returned to Wells Fargo pursuant to the terms of this Settlement. The Settlement Fund, including any portion thereof, shall not be disbursed from the Escrow Account except as provided in this Agreement, or upon Order of the Court.

4.03    **Taxes on Settlement Fund.**  All Taxes arising in connection with income earned by the Settlement Fund, including any Taxes or Tax detriments that may be imposed upon Wells Fargo or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income Tax purposes shall be paid by the Class Administrator from the Settlement Fund.

4.04    **Claimant Fund and Monetary Relief to Settlement Class Members.**  A portion of the Settlement Fund consisting of a minimum of $33,000,000 shall be allocated as the Claimant Fund. This amount may vary depending on the amounts ultimately approved by the Court for the Attorneys' Fees, Costs and Service Award Fund, and depending on the amount incurred by the Class Administrator as part of the Class Administration Fund, as set forth below. Settlement Class Members shall be entitled to receive a pro rata share of the Claimant Fund, to be determined by dividing the Claimant Fund by the total number of loans made to Settlement Class Members. All payments out of the Claimant Fund shall be made within 30 days after the

Effective Date.  Class Members shall receive settlement distribution checks without the need to submit any claim form, documentation, or other proof of claim.

      a.      Initial Check Distribution.  Within 30 days after the Effective Date, the Class Administrator shall mail a check in an amount equal to each Class Member's pro rata share of the Claimant Fund (calculated at the time of mailing) to the most current address in the Class Administrator's records for each Unique Loan Identifier (ULID). If a check mailed to a Settlement Class Member is not cashed within 60 days, the Settlement Class Member shall not be entitled to an allocation under the Settlement.  After 60 days of mailing, uncashed checks shall be cancelled and the outstanding amounts from those checks shall revert to the Claimant Fund.

      b.      Subsequent Check Distribution(s).  If there are funds remaining in the Claimant Fund after the 60 day deadline for cashing checks has passed in the prior distribution, each Settlement Class Member who cashed a check shall receive an additional pro rata share of the remaining funds in the Claimant Fund.  Within 90 days after the mailing of checks in the prior distribution, the Class Administrator shall mail a check in an amount equal to each Class Member's pro rata share of the amount remaining in the Claimant Fund (calculated at the time of mailing) to the most current address in the Class Administrator's records for each ULID.  If necessary, this process shall continue over and over until the Claimant Fund is depleted.

    4.05    **Class Administration Fund.**  A portion of the Settlement Fund shall be allocated as the Class Administration Fund, in the initial amount of $3,000,000, for payment of costs of providing Notice of Settlement to the Class and administration of the Settlement by the Class Administrator.  Upon Preliminary Approval, up to $3,000,000 for the Class Administration Fund may be disbursed from the Settlement Fund to the Class Administrator for costs of

administration.  In the event that the costs of notice and administration are less than the Class

Administration Fund, such remaining funds shall be considered part of the Claimant Fund for

distribution to Settlement Class Members.  If the cost of notice and administration exceeds

$3,000,000, any additional amount shall be paid from the Settlement Fund.

 4.06 **Attorneys' Fees, Costs and Service Award Fund.**

  a. A portion of the Settlement Fund in the sum of $14,000,000 shall be

allocated as the "Attorneys' Fees, Costs and Service Award Fund" to pay—subject to Court

approval and after the Effective Date—Class Counsel's attorneys' fees of up to $12,500,000, as

well as litigation expenses incurred in connection with the Action and Service Awards for the

Class Representatives in the sum of $10,000 each, provided however that the litigation expenses

and Service Awards shall not exceed the sum total of $1,500,000.  If there are funds remaining in

the Attorneys' Fees, Costs and Service Award Fund after distribution of the sums awarded by the

Court, such remaining funds shall be considered part of the Claimant Fund for distribution to

Settlement Class Members.

  b. Service Awards shall be for the Class Representatives' service in the case

and are intended to be full and final satisfaction of any and all of their individual claims relating

to the subject matter of the Action which they brought or could have asserted against Wells

Fargo.  Such sums shall be in lieu of any amounts they might otherwise have received under the

Settlement as members of the Settlement Class.

  c. Provided that Class Counsel's request for an award of attorneys' fees,

costs and expenses complies with this section and the other terms of this Agreement, Wells

Fargo agrees not to oppose Class Counsel's motion for attorneys' fees, costs and expenses and it

agrees not to appeal the Court's ruling on such an application for attorneys' fees, costs and expenses.

        d.      Plaintiffs and Class Counsel agree that the amounts awarded by the Court for attorneys' fees, costs and expenses shall compensate Class Counsel, Plaintiffs and the Class for all legal work in the Action up to and including the date of the Final Judgment, as well as for all legal work and costs that may be incurred in the Action after the date of the Final Judgment.

        e.      Notwithstanding any other provision of this Agreement, the Court's failure to approve, in whole or in part, the attorneys' fees, costs and expenses sought by Class Counsel, or the Service Awards sought by Plaintiffs, shall not be grounds for termination and shall not prevent the Settlement from becoming effective.  In the event that the Court declines to approve, in whole or in part, any award of attorneys' fees, costs and expenses sought by or on behalf of Class Counsel, or Service Awards for Plaintiffs, the remaining provisions of this Agreement shall remain in full force and effect.

        f.      Any attorneys' fees, costs and expenses awarded to Class Counsel and any Service Awards to Plaintiffs shall be paid out of the Settlement Fund by the Class Administrator within 5 days after the Effective Date of the Settlement, and only after the receipt by the Class Administrator of a W-9 from each payee.

## V.    RELEASE OF WELLS FARGO BY PLAINTIFFS AND THE CLASS

    5.01    **Release By Settlement Class Members.**  As of the Effective Date, all Settlement Class Members shall, on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, automatically be deemed to have fully and irrevocably released and forever discharged Wells Fargo and all Released Parties of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or

unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out

of, are based upon, or relate to the conduct, omissions, duties or matters that were or could have

been alleged in the Action arising out of, or related to, broker's price opinions or Wells Fargo's

practices in ordering or charging borrowers fees for broker's price opinions.  Such release

includes any claims, actions, causes of action, demands, damages, losses, or remedies relating in

any way to broker's price opinions, including, but not limited to, claims for violation of RICO;

claims for violation of California's UCL; claims for violation of state unfair and deceptive acts

and practices statutes; claims based upon the alleged breach of any statute, rule, regulation,

servicing guideline or investor guideline, including rules, regulations or guidelines promulgated

by the Consumer Finance Protection Bureau, the Department of Housing and Urban

Development, the Federal Housing Administration, Fannie Mae, Freddie Mac, or any other state

or federal office, body, or government sponsored enterprise or private investor; claims for breach

of any mortgage, deed of trust or other contractual provision; claims in tort, such as, without

limitation, for negligence, fraud, or misrepresentation; and, any other federal, state, statutory or

common law claim relating in any way to broker's price opinions or Wells Fargo's practices in

ordering or charging borrowers fees for broker's price opinions.

     5.02    **Release By Plaintiffs / Class Representatives**

         a.     As of the Effective Date, each of the Plaintiffs, on behalf of himself or

herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall

automatically be deemed to have fully and irrevocably released and forever discharged Wells

Fargo and all Released Parties of and from any and all liabilities, rights, claims, actions, causes

of action, demands, damages, costs, attorneys' fees, losses, and remedies whatsoever, whether

known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated,

legal, statutory, or equitable.  This general release includes, but is not limited to, the release of those claims relating to broker's price opinions that are described in Section 5.01.

    b.  Plaintiffs expressly understand and acknowledge that it is possible that unknown losses or claims exist.  The Parties to this Agreement explicitly took that possibility into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between the Parties to this Agreement with the knowledge of the possibility of such unknown losses or claims, was given in exchange for a full accord, satisfaction, and discharge of all such losses or claims.  Consequently, Plaintiffs expressly waive all rights under California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS/HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY
> HIM/HER MUST HAVE MATERIALLY AFFECTED HIS/HER
> SETTLEMENT WITH THE DEBTOR.

Plaintiffs expressly waive and relinquish all rights and benefits afforded by Section 1542 and any similar provision in the applicable law of another jurisdiction, and do so understanding and acknowledging the significance of such specific waiver of Civil Code § 1542. Notwithstanding the provisions of Civil Code § 1542, and for the purpose of implementing a full and complete release and discharge of Wells Fargo and the other Released Parties, Plaintiffs expressly acknowledge that this Agreement is intended to include in its effect (without limitation) all claims against Wells Fargo and the Released Parties that Plaintiffs do not know or suspect to exist in their favor at the time they execute this Agreement, and that this Agreement contemplates the extinguishment of any such claims against Wells Fargo and the Released Parties.

5.03     **Effect of Release and Incorporation Into Final Judgment.**  The Final Judgment will state, among other things, that the "Settlement Agreement, including the releases stated therein, is incorporated by reference into the Final Judgment, and fully and finally resolves all of the claims in the Action."  Further, the Final Judgment will include dismissal of the Action with prejudice.

## VI.     NO ADMISSION OF LIABILITY.

6.01     **No Admission of Liability.**  Wells Fargo disputes the claims alleged in the Action and does not admit any liability or wrongdoing of any kind.  Wells Fargo has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

6.02     **Prohibited Uses or Inferences.**  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of Wells Fargo or any of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of Wells Fargo or any of the Released Parties in the Action, or in any proceeding in any court, administrative agency or other tribunal.

6.03     **Compromise of Disputed Claims.**  The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever.

6.04 **Agreement as Defense.** In addition to any other defenses Wells Fargo or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement or the Releases contained herein.

6.05 Sections 6.01 through 6.03 shall survive termination of this Agreement.

## VII. PRELIMINARY AND FINAL APPROVAL

7.01 **Preliminary Approval.** Promptly upon execution of this Agreement, Plaintiffs shall file a motion in the Action seeking Preliminary Approval of the Settlement. Wells Fargo may join Plaintiffs' Preliminary Approval Motion and may file papers in support of that motion. The motion shall request an order:

a.    granting preliminary approval of this Settlement substantially in the form of the Preliminary Approval Order attached as **Exhibit A;**

b.    appointing the Class Representatives;

c.    appointing Class Counsel;

d.    approving the Notice of Settlement substantially in the form attached as **Exhibit A-1** to be mailed to each member of the Settlement Class; and,

e.    approving the Class Administrator and class settlement procedures set forth in this Agreement and the attached exhibits.

7.02 **Motion for Final Approval.** Final approval of the settlement and entry of the Final Judgment, as well as any entitlement to Class Counsel's attorneys' fees and costs and Service Awards to the Class Representatives, shall be decided by the Court at a hearing noticed by Class Counsel and set to be heard approximately 90 days after Preliminary Approval, subject to the Court's availability. Plaintiffs shall request that the Court set a date for the Final Approval

hearing at the time of the hearing for Preliminary Approval. At least 35 days before the Final

Approval Hearing, Class Counsel shall file a motion for final approval of the Settlement, for an

award of attorneys' fees and costs, and for any Service Awards they seek on behalf of Class

Representatives. The motion will request that the Court grant Final Approval of the settlement in

a form to be proposed by the Parties, and to enter Final Judgment in accordance with this

Agreement. The motion will ask the Court to approve this Agreement as fair, reasonable,

adequate, and binding on all members of the Settlement Class; to order attorneys' fees and costs

to be paid to Class Counsel out of the Settlement Fund; to issue any Service Awards sought by

Plaintiffs; to approve a plan for distribution of residual funds, if any; and, to enter Final

Judgment in a form to be approved by the Parties. Wells Fargo may join Plaintiffs' Final

Approval Motion, in whole or in part, and may file papers in support of that motion.

     7.03   **Wells Fargo's Right to Terminate.** If the Court declines to approve the

Settlement or enter Final Approval; if the Court changes the Settlement Class composition or the

terms of the Settlement in any material way that is not acceptable to Wells Fargo after reasonable

consultation with Class Counsel; if Final Approval of the Settlement is reversed; or if the terms

of the Settlement are changed upon appeal or review in any material way not acceptable to Wells

Fargo after reasonable consultation with Class Counsel; or if more than 3,000 Class Members

timely request to Opt-Out or be excluded from the Class, then Wells Fargo shall have the right,

at its sole discretion, to terminate the Settlement. In that event, anything said or done pursuant to

this Agreement, or as part of negotiations leading hereto, shall not be used in any other

proceeding for any purpose.

     7.04   **Court Retains Jurisdiction After Entry of Final Judgment.** Without affecting

the finality of the Final Judgment in any way, the Court shall retain jurisdiction over:

a.       any action necessary to implement the terms of the Final Judgment and/or the Settlement Agreement; and

b.       the construction, interpretation, implementation and enforcement of the Final Judgment, until each and every act agreed to be performed by the Parties thereunder has in fact been fully performed.

## VIII.   MISCELLANEOUS PROVISIONS

8.01     **Each Party Is Represented by Counsel**.  The Parties warrant that each of them has been advised and is represented by legal counsel of their own choice throughout all of the negotiations which preceded the execution of this Agreement, and that they have executed this Agreement after being so advised, and without reliance upon any promise or representation of any person or persons acting for or on behalf of the other, except as expressly set forth herein. The Parties further acknowledge that they and their counsel have had an adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution of this Agreement.  Each Party has read and approved the language of this Agreement, with the assistance of counsel.

8.02     **Entire Agreement/Construction And Interpretation**.  This Agreement embodies the entire agreement and understanding between the Parties and supersedes all prior agreements and understandings relating to the subject matter hereof.  No course of prior dealing between the Parties, no usage of the trade, and no extrinsic evidence of any nature shall be used or be relevant to supplement, explain or modify any term used herein.  This Agreement is a product of negotiation and preparation by and among each Party and their attorneys.  Therefore, each Party expressly waives the provisions of California Civil Code Section 1654, or any similar provision under the laws of other jurisdictions, and acknowledges and agrees that this Agreement

should not be deemed prepared or drafted by one party or the other and shall be construed accordingly.

8.03   **Counterpart Originals**.  This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one agreement.

8.04   **Modification Only In Writing**.  Neither this Agreement nor any provision hereof may be changed, waived, discharged, or terminated, save and except by an instrument in writing signed by the party against whom enforcement of the change, waiver, discharge, or termination is sought.

8.05   **Headings**.  Captions, section headings and numbers have been set forth in this Agreement for convenience only and are not to be used in construing this Agreement.

8.06   **Documents**.  Within 90 days after the Effective Date of this Agreement, Plaintiffs' counsel will destroy or return to Wells Fargo or its attorneys all originals and copies of documents produced, whether informally or in response to document demands, during the course of the Action, together with all copies of any such documents that have been made and not destroyed, including, without limitation, copies of such documents that were introduced as exhibits during any deposition taken in the Action.  In addition, Class Representatives and Class Counsel shall return any confidential information and documents produced in the litigation by Wells Fargo to Wells Fargo's Counsel, or certify that such information and documents have been destroyed.

8.07   **Gender and Plurals.**  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

8.08     **Qualified Settlement Fund.**  The Parties agree that the account into which the

Settlement Fund is deposited is intended to be and will at all times constitute a "qualified

settlement fund" within the meaning of Treas. Reg. §1.468B 1 of the Internal Revenue Code of

1986, as amended (the "Code"). The Class Administrator shall timely make such elections as

necessary or advisable to carry out the provisions of the Code, this Agreement and the Final

Approval Order, including, if necessary, the "relation back election" (as defined in Treas. Reg.

§1.468B 1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance

with the procedures and requirements contained in such Treasury regulations promulgated under

the Code. It shall be the responsibility of the Class Administrator to cause the timely and proper

preparation and delivery of the necessary documentation for signature by all necessary parties,

and thereafter to cause the appropriate filing to occur.

8.09     **Tax Reporting.**  Wells Fargo and/or the Class Administrator may issue Form

1099s to Settlement Class Members and may take other steps to comply with IRS regulations

and other Tax laws and regulations if and to the extent Wells Fargo determines in good faith that

it is required to do so.  Nothing in this Agreement shall be construed to limit or curtail Wells

Fargo's obligations to comply with applicable Tax reporting laws or regulations.

8.10     **Tax Consequences**. The Parties understand and acknowledge that no Party has

warranted or represented any Tax consequences of this Agreement whether to any other Party, to

Settlement Class Members, or to any other person or entity, and each Party agrees that it is

relying on its own legal and/or Tax advisors and not on any other Party with respect to any Tax

consequences of this Agreement.

8.11    **Responsibility for Taxes on Distribution.** Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any Taxes or Tax-related expenses owed or incurred by that person or entity by reason of that distribution.

8.12    **Defendant Is Not Responsible.**  In no event shall Wells Fargo or any of the other Released Parties have any responsibility or liability for Taxes or Tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiffs, Settlement Class Members, Class Counsel or any other person or entity, and the Settlement Fund shall indemnify and hold Wells Fargo and the other Released Parties harmless for all such Taxes and Tax-related expenses (including, without limitation, Taxes and Tax-related expenses payable by reason of any such indemnification).

8.13    **Binding Effect.**  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

8.14    **Cooperation of Parties.**  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

8.15    **Obligation To Meet And Confer.**  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

/

/

/

/

8.16   **Governing Law.** This Agreement shall be governed and interpreted under California law.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

Dated: October 26, 2016

By: _____
Latara Bias, individually and on behalf of the Settlement Class

Dated: October 26, 2016

By: _____
Eric Breaux, individually and on behalf of the Settlement Class

Dated: October 26, 2016

By: _____
Troy Lynne Morrison, individually and on behalf of the Settlement Class

Dated: October ___, 2016

By: _____

Name: _____

Title: _____
For Wells Fargo Bank, N.A.

Dated: October ___, 2016

By: _____

Name: _____

Title: _____
For Wells Fargo & Company

8.16   **Governing Law**.  This Agreement shall be governed and interpreted under

California law.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this

Agreement to be executed on the dates shown below.

Dated: October __, 2016                    By:_____
                                           Latara Bias, individually and on behalf of
                                           the Settlement Class


Dated: October __, 2016                    By:_____
                                           Eric Breaux, individually and on behalf of
                                           the Settlement Class


Dated: October __, 2016                    By:_____
                                           Troy Lynne Morrison, individually and on
                                           behalf of the Settlement Class


Dated: October 26 2016                     By:_____
                                           Name:_____
                                                     Franklin Codel
                                           Title:_____
                                                 EVP, Head of Home Lending
                                           For Wells Fargo Bank, N.A.


Dated: October 26, 2016                    By:_____
                                           Name:_____
                                                     Franklin Codel
                                           Title:_____
                                                 EVP, Head of Home Lending
                                           For Wells Fargo & Company

**APPROVED AS TO FORM:**

Dated: October 2_, 2016                     Baron & Budd, P.C.


                                            By:_____
                                                 Daniel Alberstone
                                                 Counsel for Plaintiffs

Dated: October ___, 2016                     Cossich, Summich, Parsiola & Taylor, LLC


                                            By:_____
                                                 David Parsiola
                                                 Counsel for Plaintiffs

Dated: October 25, 2016                      Kingsmill Riess, LLC


                                            By_____
                                                 Marguerite Kingsmill
                                                 Counsel for Plaintiffs

**APPROVED AS TO FORM:**

Dated: October ___, 2016                     SEVERSON & WERSON
                                             A Professional Corporation


                                            By:_____
                                                 Mark D. Lonergan
                                                 Rebecca S. Saelao
                                                 Counsel for Wells Fargo Bank, N.A. and
                                                 Wells Fargo & Company

**APPROVED AS TO FORM:**

Dated: October __, 2016                    Baron & Budd, P.C.


                                           By:_____
                                                Daniel Alberstone
                                                Counsel for Plaintiffs


Dated: October 26, 2016                    Cossich, Summich, Parsiola & Taylor, LLC


                                           By:_____
                                                David Parsiola
                                                Counsel for Plaintiffs


Dated: October __, 2016                    Kingsmill Riess, LLC


                                           By:_____
                                                Marguerite Kingsmill
                                                Counsel for Plaintiffs


**APPROVED AS TO FORM:**

Dated: October __, 2016                    SEVERSON & WERSON
                                           A Professional Corporation


                                           By:_____
                                                Mark D. Lonergan
                                                Rebecca S. Saelao
                                                Counsel for Wells Fargo Bank, N.A. and
                                                Wells Fargo & Company

**APPROVED AS TO FORM:**

Dated: October __, 2016                    Baron & Budd, P.C.


                                           By:_____
                                                Daniel Alberstone
                                                Counsel for Plaintiffs

Dated: October __, 2016                    Cossich, Summich, Parsiola & Taylor, LLC


                                           By:_____
                                                David Parsiola
                                                Counsel for Plaintiffs

Dated: October __, 2016                    Kingsmill Riess, LLC


                                           By:_____
                                                Marguerite Kingsmill
                                                Counsel for Plaintiffs

**APPROVED AS TO FORM:**

Dated: October 24, 2016                    SEVERSON & WERSON
                                           A Professional Corporation


                                           By: _Rebecca S Saelao_____
                                                Mark D. Lonergan
                                                Rebecca S. Saelao
                                                Counsel for Wells Fargo Bank, N.A. and
                                                Wells Fargo & Company