UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — OAKLAND DIVISION

| | |
|---|---|
| LATARA BIAS, ERIC BREAUX, and TROY LYNNE MORRISON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & COMPANY, a Delaware corporation, and WELLS FARGO BANK, N.A., a national association,<br><br>Defendants. | Case No. 4:12-cv-00664-YGR<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE** |

WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle this Action (the "Action") upon the terms and conditions set forth in the Settlement Agreement (the "Settlement") which was filed with the Court, and all capitalized terms used herein having the meanings defined in the Settlement; and

WHEREAS, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice, setting forth the previously certified Class for settlement purposes only and preliminarily approved Notice of Settlement to the Class (including notice of the proposed Settlement and of a fairness hearing thereon), and said notice has been made, along with notice pursuant to 28 U.S.C. § 1715 provided to the appropriate regulators, and the fairness hearing has been held;

NOW, THEREFORE, based upon the Settlement and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement is fair, reasonable, and adequate, and upon a Settlement Fairness Hearing having been held after Notice to the Class of the proposed Settlement to determine if the terms of the Settlement are fair, reasonable, and adequate and whether a Final Judgment of Dismissal with Prejudice ("Final Judgment") should be entered in this Action based upon the Settlement;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. The provisions of the Settlement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

B. This Court has jurisdiction over the subject matter of this Action and all of the Parties and all Class Members.

C. On December 17, 2015, the Court granted-in-part and denied-in-part Plaintiffs' motion for class certification. The Court amended the class definition on March 7, 2016.

---

[1] As used herein, the term "Parties" means Plaintiffs Latara Bias, Eric Breaux and Troy Lynne Morrison (collectively, "Plaintiffs") on behalf of themselves and the Class (defined below), and Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A. (collectively, "Wells Fargo" or "Defendants").

D. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby adopts and reaffirms the Class set forth in its March 7, 2016 Order as the Settlement Class in this Action, as follows: "All residents of the United States of America who had a residential mortgage serviced by Wells Fargo Bank, N.A., or its subsidiaries or divisions, and who paid for one or more Broker's Price Opinions charged by Wells Fargo (through PAS), for an amount greater than the amount Wells Fargo (through PAS) paid a third party vendor for the corresponding [BPO], from May 6, 2005 through July 1, 2010." Excluded from the Settlement Class are Defendants, any entity in which a Defendant has a controlling interest or is a parent or subsidiary of, or any entity that is controlled by a Defendant, and any of Defendants' officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns. Also excluded from the Settlement Class are Class Members who provided valid and timely notice to exclude themselves or Opt-Out of this Action by the deadline.

E. For all of the reasons set forth in this Court's Orders dated December 17, 2015 and March 7, 2016, and solely for purposes of effectuating the Settlement, the Court finds that (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action would be impracticable; (ii) there are questions of law and fact common to the Settlement Class that predominate over individual questions; (iii) the claims of Plaintiffs are typical of the claims of the Settlement Class; (iv) Plaintiffs and Class Counsel can fairly and adequately represent and protect the interests of Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of the Settlement Class Members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of a class action.

F. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the Settlement and for no other purpose, Plaintiffs

Latara Bias, Eric Breaux and Troy Lynne Morrison as Class Representatives, and appoints the law firms of Baron & Budd, P.C.; Cossich, Sumich, Parsiola and Taylor; and Kingsmill Riess, LLC as Class Counsel.

G. The form, content, and method of dissemination of Notice of Settlement given to the Settlement Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including both individual notice to all Settlement Class Members who could be identified through reasonable effort and publication notice.

H. Notice of Settlement, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.

I. Notice of the Settlement was provided to the appropriate regulators pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(c)(1).

J. The Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class.

    i. The Settlement was negotiated vigorously and at arm's-length by Plaintiffs and their experienced counsel on behalf of the Settlement Class. The case settled only after: (a) several failed attempts at resolution and with the assistance of a retired U.S. District Court Judge; (b) extensive briefing on multiple motions, including Wells Fargo's motions to dismiss filed June 15, 2012 and August 7, 2012, Plaintiffs' motion for class certification filed June 9, 2015, and Wells Fargo's motion for summary judgment, filed April 5, 2016, which was fully briefed, argued, submitted and pending as of the Settlement was reached; (c) the Parties engaged in extensive discovery, including production by Wells Fargo of electronically stored information, additional voluminous data, and over 124,000 pages of documents; (d) the Parties exchanged reports from six expert witness, and took depositions of the six expert witnesses and over twenty fact witnesses. Accordingly, both the Plaintiffs and Defendants were well positioned to

evaluate the settlement value of this Action. The Settlement has been entered into in good faith and is not collusive.

    ii. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

K. Plaintiffs, all Settlement Class Members, and Defendants are hereby bound by the terms of the Settlement.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement is approved as final, fair, reasonable and adequate. The Settlement shall be consummated in accordance with its terms and provisions.

2. The Action and all claims that are or have ever been contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Plaintiffs, the Settlement Class Members, and all other Releasing Parties. The Parties are to bear their own costs, except as otherwise provided in the Settlement.

3. Wells Fargo and all Released Parties as defined in the Settlement are released in accordance with, and as defined in, the Settlement.

4. Upon the Effective Date of this Settlement, Plaintiffs and all Settlement Class Members, on behalf of themselves and each of the Releasing Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims against Wells Fargo and the Released Parties, regardless of whether such Settlement Class Member cashes a settlement check.

5. All Settlement Class Members who have not made their objections to the Settlement in the manner provided in the Notice of Settlement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

6. All Settlement Class Members who failed to properly file requests to be excluded from the Class, or Opt-Out, by the Opt-Out Deadline are bound by the terms and conditions of

the Settlement and this Final Judgment and release and forever discharge the Released Parties from all Released Claims as provided in the Settlement and herein. A list of the 78 Persons who validly and timely filed a request for exclusion or Opt-Out is attached hereto as **Exhibit 1**.

7. Class Counsel are hereby awarded attorneys' fees of $12.5 million ($12,500,000) out of the Settlement Fund, which sum the Court finds to be fair and reasonable, and $1.5 million ($1,500,000) in reimbursement of expenses out of the Settlement Fund. The aforementioned attorneys' fees shall be allocated by Class Counsel in a manner which in their good faith judgment reflects each counsel's contribution to the institution, prosecution, and resolution of the Action.

8. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has resulted in the payment of $50,000,000 in cash, on which interest has accrued, and that Settlement Class Members will benefit from the Settlement;

(b) Over 288,000 copies of the Notice of Settlement were disseminated to Settlement Class Members indicating that Class Counsel were moving for attorneys' fees in the amount of up to $12,500,000 out of the Settlement Fund, and for Service Awards of up to $10,000 along with reimbursement of expenses in an amount of up to $1,500,000 out of the Settlement Fund, and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Class Counsel contained in the Notice of Settlement;

(c) The Action involves complex factual and legal issues, was actively prosecuted and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(d) Had Class Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the Settlement Class may have recovered less or nothing from the Defendants; and

(e) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

10. The Court finds that an award to Plaintiffs for their time and efforts in representing the Class in the prosecution of this Action is fair and reasonable, and thus awards each of the

Plaintiffs $10 thousand ($10,000) out of the Settlement Fund. Each of the Plaintiffs was deposed, responded to written discovery, produced documents, and oversaw the prosecution of this Action by their counsel.

11. All other provisions of the Settlement are incorporated into this Final Judgment as if fully rewritten herein. To the extent that the terms of this Final Judgment conflict with the terms of the Settlement, the Settlement shall control.

12. Plaintiffs, all Class Members, and all other Releasing Parties are hereby BARRED AND PERMANENTLY ENJOINED from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Claims against Wells Fargo or any of the Released Parties.

13. The Court hereby decrees that neither the Settlement nor this Final Judgment nor the fact of the Settlement is an admission or concession by Wells Fargo or the Released Parties, or any of them, of any liability or wrongdoing. This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Neither the Settlement nor this Final Judgment nor the fact of Settlement nor the settlement proceedings nor the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption, or inference against Wells Fargo or any of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement, or in an action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of this Action.

14. The Action is dismissed with prejudice; subject, however, to this Court retaining jurisdiction over compliance with the Settlement and this Final Judgment.

15. The Court hereby bars all future claims for contribution arising out of the Action or the Released Claims by any Person against the Released Parties.

16. Nothing in this Final Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Wells Fargo or the Released Parties against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives. Nothing in

this Final Judgment constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement, or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

17. In the event that the Settlement is terminated in accordance with its terms, (i) this Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and (ii) this Action shall proceed as provided in the Settlement.

18. There is no just reason for delay, and this is a final, appealable order as of when it is stamped as received for filing.

19. Final judgment shall be entered herein.

IT IS SO ORDERED.

Dated: ____April 13____, 2017    _____
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

# Exhibit 1

*Bias v. Wells Fargo Bank* Settlement
Case No.: 4:12-cv-00664-YGR
Exhibit 1
Exclusion Requests

|    | First Name 1     | Middle Name 1 | Last Name 1     | First Name 2 | Middle Name 2 | Last Name 2     |
|----|------------------|---------------|-----------------|--------------|---------------|-----------------|
| 1  | DAVID            | C             | TOURJE          | LINDA        | L             | TOURJE          |
| 2  | KIMBERLY         | A             | HEFFNER         |              |               |                 |
| 3  | BRENDA           | G             | NICKS           |              |               |                 |
| 4  | ANNETTE          |               | GRIFFIS-CARTER  |              |               |                 |
| 5  | MARY             | C             | ANGERS          |              |               |                 |
| 6  | JAMES            | E             | GULLETT         | MARY         | H             | GULLETT         |
| 7  | BETTY            |               | VEITEL          |              |               |                 |
| 8  | NOEL             |               | FINN            | NANETTE      |               | FINN            |
| 9  | CLOVIS           |               | NELSON          |              |               |                 |
| 10 | DENISE           | C             | BYRD            | ERIC         | D             | BYRD            |
| 11 | SIDNEY           | A             | FREEMAN SR      |              |               |                 |
| 12 | THERESA          | M             | ORTIZ           |              |               |                 |
| 13 | MARGARET         |               | WILLIAMS        |              |               |                 |
| 14 | JOSEPH           | C             | LIKENS          | PATRICIA     | L             | LIKENS          |
| 15 | RODOLFO          |               | ROJAS           |              |               |                 |
| 16 | REESHEMA         |               | BRITT           |              |               |                 |
| 17 | WILLIAM          | J             | GDOVICAK        | SHARON       | L             | GDOVICAK        |
| 18 | RODRIGO          |               | SILVEIRA        |              |               |                 |
| 19 | YOHISI           |               | VALDERRAMA      | JAMIE        | MANUEL        | VALDERRAMA      |
| 20 | CARLO            | P             | CASAGRANDE      | LISA         | A             | MANISCALCO      |
| 21 | JAIME            |               | ABREGO          |              |               |                 |
| 22 | OSCAR            | J             | LLAMAS          |              |               |                 |
| 23 | VICTORIA         |               | DISPOTO         | MARK         | J             | DISPOTO         |
| 24 | RUBEN            |               | HURTADO         |              |               |                 |
| 25 | PAULA            |               | RICE            |              |               |                 |
| 26 | JAMES            | A             | SMITH           |              |               |                 |
| 27 | MICHELLE         | A             | THOMANN         | DONALD       | G             | THOMANN SR      |
| 28 | DANA             | M             | SPAID           |              |               |                 |
| 29 | GARY             | L             | HOFFMAN         | VIRGINIA     | E             | HOFFMAN         |
| 30 | RODRICK          | I             | SATRE           | BONITA       | SATRE         | DALEY           |
| 31 | ESTATE OF STELLA |               | NICK            |              |               |                 |

Bias v. Wells Fargo Bank Settlement
Case No.: 4:12-cv-00664-YGR
Exhibit 1
Exclusion Requests

| | First Name 1 | Middle Name 1 | Last Name 1 | First Name 2 | Middle Name 2 | Last Name 2 |
|---|---|---|---|---|---|---|
| 32 | DEBRA | ANN | TAYLOR | | | |
| 33 | BARBARA | J | SEPANSKI | ALAN | F | SEPANSKI |
| 34 | BALJIT | KAUR | SRAN | AMARJIT | SINGH | SRAN |
| 35 | DAVID | L | GUNTER | | | |
| 36 | MICHAEL | M | RAMOS | RIZALINA | S | RAMOS |
| 37 | NAHYOH | F | BASHUI-GOFFE | | | |
| 38 | JEFFREY | A | BENNETT | MICHELLE | L | BENNETT |
| 39 | MYRNA | T | THOMAS | BERTRAM | J | THOMAS |
| 40 | PATRICIA | R | WILSON | | | |
| 41 | JOHNIE | | WARD | ROSEMARY | | BAREFIELD |
| 42 | ETHAN | G | SIDES | | | |
| 43 | RAMON | A | SANCHEZ | | | |
| 44 | HARRIET | C | DANIELS | | | |
| 45 | JEREMY | J | NEITZEL | CATHRYN | L | NEITZEL |
| 46 | RICHARD | E | MAY | | | |
| 47 | ESTATE OF ELAINE | G | PARKINSON | | | |
| 48 | TRENT | C | HARGRAVE | CAROLYN | M | HARGRAVE |
| 49 | GLEN | | BARNES | BARBARA | | BARNES |
| 50 | RONALD | MARION | BALL | | | |
| 51 | MARK | R | MOTELL | | | |
| 52 | LIBIA | | QUILES | | | |
| 53 | SHARON | M | HEATON | | | |
| 54 | BRENDAN | | DONNELLY | | | |
| 55 | WILLIE | E | MCCAIN | VIRGIE | | MCCAIN |
| 56 | PATRICK | | DOHERTY | TIMOTHY | | DOHERTY |
| 57 | LESLEY | C | EMERY-HALL | | | |
| 58 | MARCIA | KATHLEEN | HOLMAN | | | |
| 59 | GRACE | E | EBEYER | | | |
| 60 | JUAN | M | SANCHEZ | NORMA | F | SANCHEZ |
| 61 | WILLIAM | B | STOKES | ROSEMARY | | STOKES |
| 62 | ANTHONY | | GIRDANO | MARGARET | M | GIRDANO |
| 63 | STEPHEN | J | LECHNIR | ELISSA | S | LECHNIR |
| 64 | JANET | S | TILLEY | JOHN | D | TILLEY |
| 65 | MATHEW | C | RUBY | CAROLYN | I | RUBY |

Bias v. Wells Fargo Bank Settlement
Case No.: 4:12-cv-00664-YGR
Exhibit 1
Exclusion Requests

|  | First Name 1 | Middle Name 1 | Last Name 1 | First Name 2 | Middle Name 2 | Last Name 2 |
|---|---|---|---|---|---|---|
| 66 | STEVEN | E | WILSON | LORA | A | WILSON |
| 67 | THERESA |  | MARSHALL |  |  |  |
| 68 | STEFANIE | M | TAVERNA |  |  |  |
| 69 | RICHARD | T | TUCCI |  |  |  |
| 70 | VICTORIA | A | OWEN | JACQUELINE | M | OWEN |
| 71 | LEROY | J | PIERCE | DIANNE |  | PIERCE |
| 72 | JIMMY | W | COX |  |  |  |
| 73 | GLENN | R | MEE |  |  |  |
| 74 | AURORA | B | JONES |  |  |  |
| 75 | MARGARITO |  | CHAVERA |  |  |  |
| 76 | JACOB | W | DOBBS |  |  |  |
| 77 | MARIA |  | BARRAZA |  |  |  |
| 78 | JAVIER |  | MILIAN |  |  |  |